## STATE v. MORGAN.

(Filed December 18, 1903.)

1. INDICTMENT—*Counts—Misjoinder—Acts 1891, ch. 29—Gaming.*

   It is not a misjoinder of offenses to charge in an indictment the keeping and maintaining a gaming house and playing cards for money.

2. INDICTMENT—*Quashal—Gaming.*

   In an indictment for keeping a common gaming house the use of the word "gaming" is sufficient.

3. WITNESSES — *Competency — Gaming — Constitutional Law — The Code, sec. 1215.*

   In a prosecution for gaming a witness may be compelled to testify although his answer tends to criminate him, he being pardoned for the offense under The Code, sec. 1215.

4. WITNESSES—*Gaming.*

   The privilege of refusing to answer an incriminating question is personal to the witness, and can be claimed by him only.

INDICTMENT against G. T. Morgan, heard by Judge *G. S. Ferguson* and a jury, at September Term, 1903, of the Superior Court of WILSON County. From a verdict of guilty and judgment thereon the defendant appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
No counsel for the defendant.

MONTGOMERY, J.   The bill of indictment in this case contained two counts. In the first the defendant was charged with keeping and maintaining a gaming house—a nuisance at common law; and in the second with playing cards, a game of chance, for money, under chapter 29 of the Laws of 1891.

The counsel of defendant entered a motion to quash the indictment upon two grounds: First, because two offenses "created by different statutes" and punished differently were joined; and second, for that the indictment did not charge that the games played were ones of chance, and that they were played at a place, or tables, where games of chance were played; and further, that the offense of keeping a common gaming house is a separate offense from playing at a game of chance, and as the two offenses are charged in the same indictment no judgment could be pronounced upon a general verdict of guilty.

The Court committed no error in refusing the motion. The two offenses charged, separate and distinct as they are, are not felonies but misdemeanors, and they can be properly charged in the same indictment; and the punshment prescribed by law for each was not different. The Court might have, in its discretion, quashed the indictment, but was not compelled to do so. *State v. King,* 84 N. C., 737; Wharton Criminal Law, sec. 414.

Besides, the offenses charged in the indictment, though distinct, are of the same nature, and a similar judgment might be passed in each case, and there can be no objection to the indictment setting forth the offenses in different counts. Wharton, *supra,* section 415.

A case exactly in point is that of *Wheeler v. State,* 42 Md., 563. In that case it was decided that "counts under the statute against gaming and counts for keeping and maintaining such a common gambling house as to constitute a nuisance at common law may be properly joined in the same indictment."

As to the defendant's second ground for the quashing of the indictment: It was not necessary to charge in the indictment that the games played at the gaming house were games of chance. That is sufficiently implied in charging that the

defendant kept a common gaming house, the word "gaming" having a definite meaning in law, i. e., gambling, the act of playing games for stakes or wages. It is not essential either that the game should be played by using ordinary gaming gards. Gaming may be done by other means or devices as well as cards. When the law uses the word "gaming" it not only uses a term well defined and known to the law writers, but its meaning is well understood by the citizens of the Commonwealth; and when the words "gaming house" are used all English-speaking people know the meaning of them. They know the truth of the language used by this Court in the case of *State v. Black*, 94 N. C., 809, where it was said: "A house so kept is a public nuisance. The natural tendency of it is to corrupt and debauch those who frequent it. It gives rise to cheating and other corrupt practices; it incites to idleness, encourages dishonest ways of gaining property, and brings together for unlawful and vicious purposes numbers greater or smaller of idle and evil-disposed persons, who corrupt others, especially younger persons who might otherwise be honest, industrious and useful people."

The first witness introduced for the State was asked if he ever saw any cards played in the room of the defendant. He declined to answer the question on the ground that the answer might tend to criminate him, and claimed his constitutional privilege. Under protest he was compelled to answer questions tending to prove the gaming. He was properly made to answer the questions. The Code, sec. 1215. But suppose he was not made competent by section 1215, and should not have been made to answer the questions, the ruling of his Honor would have only been injurious to the witness, for it was a matter entirely personal to him. The defendant could not complain of it. In the case of *Boyer v. Teague*, 106 N. C., at p. 625, 19 Am. St. Rep., 547—the case of a contest for a public office—the Court said: "Neither contestant nor con-

testee is called upon to contend for the rights of a witness who does not demand protection, and if compelled to testify against his will it does not follow that testimony, competent without objection on his part, should not go to the jury for what it may be worth." The right to refuse to answer incriminating questions is a personal privilege of the witness, and can be claimed by him only, and not by either party. 11 Am. & Eng. Enc., p. 541, and cases there cited. Several other witnesses who participated in gaming at the defendant's gaming house testified under their protest and compulsion of the Court.

At the conclusion of the State's evidence the defendant's counsel moved that the solicitor be required to elect upon which count he would ask for a verdict. The Court properly refused to grant the motion, for reasons we have already set out in discussing the motion to quash, and for the same reasons the motions and arrest of judgment were properly refused.

Affirmed.