### STATE v. LILLIE ANDERSON.

(Filed 22 May 1963.)

**1. Indictment and Warrant § 9—**

A warrant or indictment is sufficient if it expresses the charge against defendant in a plain, intelligible, and explicit manner and contains sufficient matter to enable the court to proceed to judgment and bar a subsequent prosecution for the same offense, and it is not required that it be couched in the language of the statute or refer to the statute upon which it is based, and reference to an inapposite statute will not vitiate it.

**2. Gambling § 5—**

A warrant charging that defendant did operate a house in which various types of gambling "is continuously carried on" and did permit named

persons to engage in a game of cards in which money was bet, *held* sufficient to charge defendant with operating a gambling house.

APPEAL by defendant from *Armstrong, J.,* 5 November Term 1962 of Guilford (Greensboro Division).

The defendant appealed to the Superior Court of Guilford County from an order of the Municipal-County Court of the City of Greensboro, which court put into effect a suspended sentence theretofore imposed upon the defendant because she had breached a condition upon which the sentence had been suspended. The breach consisted of a subsequent gambling violation and such breach is not contested. The defendant contends, however, that the original warrant to which she pleaded guilty and as a result of which the suspended sentence was imposed, was fatally defective in that it failed to charge all the essential elements of a criminal offense.

The pertinent portion of the warrant contained in the affidavit is as follows:

"The undersigned affiant, being duly sworn, deposes and says that the above named defendant, on or about the 23 day of July, 1961, with force and arms, at and in Guliford County except High point, Deep River and Jamestown townships, did unlawfully and willfully violate the North Carolina gambling laws of the General Statutes of North Carolina, to wit, did operate, keep and maintain a house in which various types of gambling is continuously carried on at 613 Douglas Street, Greensboro, North Carolina, and did then and there at 3:00 P.M., allow, permit, John R. Vaughn, LeRoy Stokes, Jesse Thompson, and Robert Lee Hearnes, to engage in a game of cards in which money was bet, won or lost, they the aforesaid being in violation of Chapter 14, Section 282, General Statutes of North Carolina, against the statutes in such cases made and provided and against the peace and dignity of the State and in violation of City Ordinance, Chapter ....., Section .. ...., Code of City of Greensboro."

The Superior Court affirmed the judgment entered by the Municipal-County Court activating the suspended sentence, and the defendant appeals, assigning error.

*Attorney General Bruton; Asst. Attorney General Harry W. McGalliard for the State.*
*Elreta Melton Alexander for defendant appellant.*

DENNY, C.J.   The sole question presented on this appeal is whether or not the warrant to which the defendant pleaded guilty to operating

a gambling house was sufficient in form to charge the offense of operating such a house.

If a warrant avers facts which constitute every element of an offense, it is not necessary that it be couched in the language of the statute. *S. v. Tickle,* 238 N.C. 206, 77 S.E. 2d 632; *S. v. Wilson,* 218 N.C. 769, 12 S.E. 2d 654.

Reference to a specific statute upon which the charge in a warrant is laid is not necessary to its validity. Likewise, where a warrant charges a criminal offense but refers to a statute that is not pertinent, such reference does not invalidate the warrant. Strong, North Carolina Index, Indictment and Warrant, section 9, page 561, *et seq.*

All that is required in a warrant or bill of indictment since the adoption of G.S. 15-153 is that it be sufficient in form to express the charge against the defendant in a plain, intelligible, and explicit manner, and to contain sufficient matter to enable the court to proceed to judgment and thus bar another prosecution for the same offense.

In our opinion, the charge of operating a gambling house set out in the warrant hereinabove set forth, is sufficient to meet the requirements of the statute. *S. v. Hammonds,* 241 N.C. 226, 85 S.E. 2d 133, and cited cases. This conclusion is supported by our decisions in *S. v. Webster,* 218 N.C. 692, 12 S.E. 2d 272, *S. v. Morgan,* 133 N.C. 743, 45 S.E. 1033; *S. v. Black,* 94 N.C. 809. See also Joyce on Indictments, Second Edition, section 499, page 592, and Wharton's Criminal Law and Procedure, Vol. 4, section 1758, page 548, *et seq.*

In *S. v. Black, supra,* the Court said: "(I)f a person shall keep a house, a room, or other like place, for the purpose of inducing or allowing other persons to frequent the same, in small or large numbers, to bet on the result of games played and engaged in, at cards or other like devices, for money or other thing of value, such person will be guilty of keeping a gaming house. It is the keeping — using — the house, or like place, for gaming purposes, that determines its character."

The ruling of the court below is

Affirmed.