STATE OF NORTH CAROLINA v. JAMES ALLEN

No. 7410SC909

(Filed 19 February 1975)

1. **Criminal Law § 92— consolidated trial of two defendants**

    The trial court did not err in consolidating for trial charges against two defendants for the same offense of armed robbery.

2. **Robbery § 4— armed robbery — person remaining in getaway car**

    The State's evidence was sufficient to be submitted to the jury on the issue of defendant's guilt of armed robbery where it tended to show that defendant and two companions went near a Kwik-Pik store in an automobile, that defendant stayed in the car while his companions entered the store and with the use of a firearm robbed the operator, that defendant turned on the car lights when his companions ran from the store and blew the horn when they ran past the car, and that when the car was stopped several minutes later, defendant and his two companions ran.

APPEAL by defendant from *McKinnon, Judge.* Judgment entered 22 May 1974, in Superior Court, WAKE County. Heard in the Court of Appeals 20 January 1975.

Defendant pled not guilty to a charge of armed robbery, and the case was consolidated, over objection, for trial with the

same charge against Roderick Lee Jordan. See *State v. Roderick Lee Jordan* filed this date.

From a verdict of guilty and judgment of imprisonment, defendant appealed.

*Attorney General Edmisten by Associate Attorney Sam T. Currin for the State.*

*H. Spencer Barrow for defendant.*

CLARK, Judge.

[1] Defendant and Roderick Lee Jordan were indicted for the same criminal offense. Consolidation for trial, rather than multiple individual trials, was appropriate in the absence of a showing that defendant was deprived of a fair trial. *State v. Jones,* 280 N.C. 322, 185 S.E. 2d 858 (1972). Here the motion to consolidate was addressed to the sound discretion of the trial court; and no abuse having been shown, we find no error in the consolidation for trial.

[2] Defendant's other assignment of error is addressed to the refusal of the trial court to allow his motion for judgment as of nonsuit. We see no need to repeat the statement of facts set out in the case of *State v. Roderick Lee Jordan,* filed on the same date as this opinion.

We add that it may reasonably be inferred from the State's evidence that defendant, with Jordan and another, went to the scene in an automobile; that defendant stayed in the car while his two companions entered the nearby Kwik-Pik store and with the use of a firearm robbed the operator; that when they ran from the store, defendant turned on the car lights, then blew the horn when they ran past the car; and that several minutes later when the car was stopped, defendant and his two companions ran.

Taking the evidence in the light most favorable to the State, we find the evidence sufficient to warrant submitting the case to the jury.

Presence at the scene, assistance to the perpetrators, flight and guilty knowledge may be reasonably inferred from the evidence. This case is clearly distinguishable from *State v. Aycoth,*

272 N.C. 48, 157 S.E. 2d 655 (1967), where the State's evidence showed nothing more than presence.

We find

No error.

Chief Judge BROCK and Judge BRITT concur.