State v. Edgerton

STATE OF NORTH CAROLINA v. MILTON EDGERTON AND CARL ALTON ELLIOTT

No. 7429SC988

(Filed 5 March 1975)

1. Trespass § 13— criminal trespass — sufficiency of evidence
    The State's evidence was sufficient for the jury on the issue of the guilt of two defendants on criminal trespass charges.

2. Trespass § 13— criminal trespass — instructions — entering without license therefor
    It was not necessary for the court in a trespass prosecution to charge the jury that the State had to prove as one of the elements that defendants entered the property "without a license therefor" since defendants had the burden of showing that they entered under a *bona fide* claim of right.

**3. Criminal Law § 126— acceptance of verdict — absence of court reporter**

The trial court did not err in accepting the verdict of the jury while the court reporter was not present to transcribe the form of the verdict.

**4. Criminal Law § 134— reference to wrong statute in judgment and commitment**

Defendant in a criminal trespass case was not prejudiced by the trial judge's reference in the Judgment and Commitment to G.S. 14-135 rather than G.S. 14-134 where the warrant clearly charged a violation of G.S. 14-134, the court gave clear instructions on that statute, and the court instructed the jury to return a verdict of guilty as charged or not guilty.

APPEAL by defendants from *Martin (Harry C.), Judge.* Judgments entered 13 June 1974 in Superior Court, McDowell County. Heard in the Court of Appeals 13 February 1975.

Separate warrants against defendants charged that on or about 11 February 1974 each ". . . did unlawfully, wilfully, go and enter upon the lands of Maggie Cable, without a license therefor and after being forbidden to do so by the said Maggie Cable." In another warrant, defendant Elliott was charged with assault by pointing a gun. In district court, defendants pleaded not guilty to all charges, were found guilty as charged, and from judgments imposed they appealed to superior court where they again pleaded not guilty and were tried *de novo.* Without objection, the cases were consolidated for trial.

Evidence for the State, summarized in pertinent part, tended to show: On 10 February 1974, Mrs. Cable, a widow, lived in her own home near Marion, N. C. Her 17-year-old daughter, Marlene, and her son lived with her. On that day, defendants and a third party went to Mrs. Cable's home in an automobile for purpose of taking Marlene away. Mrs. Cable asked defendants to leave and not carry Marlene with them. In spite of Mrs. Cable's request, Marlene entered the car after which Mrs. Cable told defendants to leave her premises and not to come back. The next day, without Mrs. Cable's permission, defendants, accompanied by Marlene, returned to the premises in an automobile driven by defendant Edgerton. Mrs. Cable ordered defendants some 12 or 15 times to get off her premises before they did so. While on the premises defendant Elliott pointed a gun at Mrs. Cable's son-in-law.

Defendants' evidence, summarized in pertinent part, tended to show: On 11 February 1974, defendants went with Marlene

to her mother's home for purpose of getting Marlene's clothes. Before going on Mrs. Cable's premises, Marlene called her mother on the telephone, told Mrs. Cable that she was coming home for purpose of getting her clothes and that defendants were coming with her. Defendants went on Mrs. Cable's premises because Marlene asked them to.

The record reveals that both defendants were found guilty of trespass but defendant Elliott was found not guilty of assault. From judgments imposing prison sentences of six months as to each defendant, they appealed.

*Attorney General Edmisten, by Associate Attorney Raymond L. Yasser, for the State.*

*Story & Hunter, by Robert C. Hunter and C. Frank Goldsmith, Jr., for defendant appellants.*

BRITT, Judge.

[1] Defendants assign as error the failure of the court to allow their motions for nonsuit. We find no merit in this assignment and hold that the evidence was sufficient to survive the motions.

[2] By assignments of error 5 and 6, defendants contend the court erred in its instructions to the jury with respect to the elements of the offense set forth in the warrants. Defendants contend that in addition to charging the jury that the State must prove beyond a reasonable doubt (1) that Mrs. Cable was in possession of the property at the time in question, (2) that defendants entered upon the property intentionally and willfully, and (3) that defendants entered the property after having been forbidden to do so, that the court should have charged a fourth element, that defendants entered the property "without a license therefor". We find no merit in this contention.

In *State v. Durham,* 121 N.C. 546, 550, 28 S.E. 22 (1897), the court said: "Upon an indictment for entry upon land after being forbidden (Code, sec. 1120) [now G.S. 14-134], when the entry, after being forbidden by the party in possession, is shown or admitted, the burden devolves upon the defendant to show that he entered under a *bona fide* claim of right. . . . " This ruling has been followed in many cases including *State v. Wells,* 142 N.C. 590, 55 S.E. 210 (1906), and *State v. Cooke,* 248 N.C. 485, 103 S.E. 2d 846 (1958). The assignments of error are overruled.

By their assignment of error 7, defendants contend the trial "[c]ourt erred in accepting the verdict of the jury at a time when the Court Reporter was not present to transcribe the form of said verdict." The assignment is without merit.

[3] Defendants cite no authority, and we have found none, for their contention that a court reporter must be present when a verdict is returned by a jury. It is well settled in this jurisdiction that the record on appeal as certified imports verity and the trial judge is the final arbiter as to what occurred during the trial proceedings. 3 Strong, N. C. Index 2d, Criminal Law, § 158.

With respect to defendant Edgerton, the "JUDGMENT AND COMMITMENT" signed by the trial judge recites that defendant appeared for trial upon the charge of trespass, entered a plea of not guilty, and was found guilty of the offense as charged, which is a violation of G.S. 14-134 and of the grade of misdemeanor. We find nothing unclear or ambiguous in this statement by the trial judge as to the jury's verdict.

[4] With respect to defendant Elliott, the "JUDGMENT AND COMMITMENT" signed by the trial judge contains the following:

In open court, the defendant appeared for trial upon the charge or charges of trespass in 74CR606 and assault by pointing a gun in 74CR605, and thereupon entered a plea of not guilty,

Having been found guilty of the offense of trespass, and not guilty as to the offense of assault by pointing a gun, which is a violation of G.S. 14-135 and of the grade of misdemeanor . . . .

Concededly, the reference to G.S. 14-135 is erroneous. However, inasmuch as the warrant clearly charged a violation of G.S. 14-134, the court gave clear instructions on the provisions of that statute, and as to the charge of trespass, the court instructed the jury to return a verdict of guilty *as charged* or not guilty, we perceive no error prejudicial to defendant Elliott.

We hasten to add that in criminal cases particularly, the superior courts would be well advised to have all trial proceedings recorded to the end that questions with respect to the proceedings might be minimized.

We have considered the other assignments of error argued in defendants' brief but find them likewise to be without merit.

No error.

Judges CLARK and ARNOLD concur.