STATE OF NORTH CAROLINA v. FRANK GOODMAN, JR.

No. 7526SC255

(Filed 18 June 1975)

1. Criminal Law § 9— aiders and abettors

All who are present at the place of a crime and are either aiding, abetting, assisting, or advising in its commission, or are present for such purpose to the knowledge of the actual perpetrator, are principals and are equally guilty, but to render one who does not actually participate in the commission of a crime guilty of the offense committed, there must be some evidence tending to show that he, by word or deed, gave active encouragement to the perpetrator of the crime or by his conduct made it known to such perpetrator that he was standing by to lend assistance when and if it should become necessary.

2. Robbery § 4— armed robbery — defendant as aider and abettor — sufficiency of evidence

The trial court did not err in denying defendant's motions for nonsuit in a prosecution for armed robbery where the evidence tended to show that defendant was associated with the actual perpetrators in the robbery, he was the driver of the car and was nearby when the robbery occurred, he had knowledge of the impending robbery and actually followed the beer truck whose driver was robbed to the scene of the crime, when the perpetrators ran to his car, apparently knowing that he would stand by, they were advised to run for the woods, and defendant's presence gave encouragement to the perpetrators.

3. Criminal Law § 114— getaway car in armed robbery — jury instructions proper

The trial court's instructions as to the State's evidence concerning the getaway car in an armed robbery case were based upon a state of facts presented by a reasonable view of the State's evidence.

APPEAL by defendant from *Baley, Judge.* Judgment entered 23 January 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 28 May 1975.

The defendant, Frank Goodman, Jr., together with Carl Edward Greene, David Leroy Pettice, and Reginald Williams, was charged by bill of indictment with the crime of armed robbery of one Tommy Sharpe, driver of a beer truck. Greene entered a plea of guilty and testified as a witness for the State. Defendant entered a plea of not guilty.

State's evidence tended to show that on 23 August 1974 Greene, Pettice, and Williams were passengers in an automobile being driven by defendant Goodman. While traveling on Wilkinson Boulevard, Pettice said, "We can hit a beer truck." After

State v. Goodman

that, they went to the "Bi-Lo" Shopping Center on Wilkinson Boulevard. A beer truck arrived at a store in the shopping center and its driver went into the store. While stopped at the shopping center, Pettice stated that he couldn't "hit" the beer truck because he had worked for the company and knew the driver.

After the truck driver came out of the store, they started their car and followed him. They drove around until the beer truck had stopped at the Polynesian Lounge, and then they drove around the block and stopped on the road behind the lounge. Greene got out of the car carrying a "sawed-off" shotgun, and he and Williams went around to the Polynesian Lounge and waited for the truck driver, Tommy Sharpe. After Sharpe came out of the lounge, he went to his truck and began to unload cases of beer. Williams offered to help him, and when Sharpe declined the offer, Williams stated, "This is a hold up, let me have your damn money." Williams then snatched Sharpe's wallet while Greene held the shotgun on Sharpe.

According to Greene, he and Williams ran to the car and started to get in when someone said, "Run to the woods." Greene testified that it was defendant Goodman who told them to run to the woods. Greene and Williams did go to the woods, and thereafter they were taken into custody.

Williams testified that Greene pointed the shotgun at him and told him to get out of the car and "hit" the beer truck. According to this witness, after they took the wallet they ran by the car and at that time Goodman said he didn't want to have anything to do with it and pulled away. He and Greene then ran to the woods.

The jury found defendant guilty of armed robbery, and from judgment imposed thereon, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General James L. Blackburn, for the State.*

*Edward T. Cook, for defendant appellant.*

MARTIN, Judge.

Defendant first contends that the court erred in denying his motions for judgment as of nonsuit. He argues that the evidence was insufficient to warrant a verdict that he is guilty

of the alleged crime as an aider and abettor. In this he relies primarily on the cases of *State v. Aycoth,* 272 N.C. 48, 157 S.E. 2d 655 (1967), and *State v. Ham,* 238 N.C. 94, 76 S.E. 2d 346 (1953). These cases are clearly distinguishable.

In *State v. Aycoth, supra,* the evidence tended to show that defendant Shadrick remained seated on the passenger side of an automobile while the driver, defendant Aycoth, went into a store armed with a pistol and took money from an employee. There was no evidence that defendant Shadrick moved from his position in the car, that he could or did observe what was taking place in the store, or that he shared in the proceeds of the robbery. However, there was evidence that Aycoth concealed his pistol before he stepped out of the store. The Court held the evidence insufficient to be submitted to the jury on the issue of defendant Shadrick's guilt as an aider and abettor in the commission of armed robbery.

In *State v. Ham, supra,* the evidence tended to show that the driver of a car was the husband of one of its occupants and a friend or acquaintance of the other women occupants. The occupants of his car became involved in a "free-for-all" affray with women occupants of another car; however, he neither did nor said anything but merely stood at the rear of his automobile and watched. The evidence was insufficient to withstand defendant husband's demurrer.

When considered in the light most favorable to the State, there was sufficient evidence in the present case to permit a jury to find that the suggestion to "hit a beer truck" was made in the presence of defendant Goodman; that Goodman was the driver of the car; that he followed the beer truck and drove to the vicinity of the Polynesian Lounge where the beer truck stopped; that he waited in the car until the robbery was consummated; and that upon the return of Greene and Williams he told them to "run to the woods."

[1]  " 'All who are present at the place of a crime and are either aiding, abetting, assisting, or advising in its commission, or are present for such purpose to the knowledge of the actual perpetrator, are principals and equally guilty. (Citations.) An aider and abettor is one who advises, counsels, procures, or encourages another to commit a crime. (Citations.) To render one who does not actually participate in the commission of a crime guilty of the offense committed, there must be some evidence tending

to show that he, by word or deed, gave active encouragement to the perpetrator of the crime or by his conduct made it known to such perpetrator that he was standing by to lend assistance when and if it should become necessary. (Citations.)' (Citations omitted.)" *State v. Aycoth, supra.*

[2]    The evidence, when considered in the light most favorable to the State, showed the association of defendant with the actual perpetrators in the robbery. He was the driver of the car and was nearby when the robbery occurred. He had knowledge of the impending robbery and actually followed the beer truck to the scene of the crime. When the perpetrators ran to his car, apparently knowing that he would stand by, they were advised to run for the woods. His presence gave encouragement to the perpetrators. The trial court properly denied defendant's motions for judgment as of nonsuit.

[3]    Defendant further assigns as error a portion of the charge where the court instructed the jury that the State had offered evidence which tended to show that "both Greene and the defendant Reginald Williams ran to the back of the lounge where the red and white Ford was parked, waiting for them." He argues that there was no evidence that the car was in fact waiting and that, consequently, the court erred by "recollecting to the jury contentions of material prejudicial facts which were not supported by the evidence." The trial court's instruction was based upon a state of facts presented by a reasonable view of the evidence. *See State v. Jennings,* 276 N.C. 157, 171 S.E. 2d 447 (1970). This assignment of error is overruled.

We have carefully reviewed defendant's remaining assignments of error and find them without merit.

No prejudicial error appears in the trial.

No error.

Judges CLARK and ARNOLD concur.