STATE OF NORTH CAROLINA v. ARCHIE S. McKINNON, SR.

No. 7718SC910

(Filed 4 April 1978)

**Criminal Law § 144— amendment of judgment—citation to proper statute**

 The trial court had authority to amend a judgment out of term to correct a clerical error by substituting a citation to the appropriate statute under which defendant was convicted, G.S. 14-106, in place of a citation to an inapposite statute, G.S. 14-107; furthermore, the erroneous reference in the judgment to G.S. 14-107 was harmless surplusage which did not vitiate the judgment or render excessive the sentence imposed which was within the limits prescribed for a violation of G.S. 14-106.

APPEAL by defendant from *Kivett, Judge*. Judgment entered 9 June 1977 and amended 9 November 1977, in Superior Court, GUILFORD County. Heard in the Court of Appeals 2 March 1978.

The defendant was charged by a warrant with the general misdemeanor of obtaining property in return for a worthless check in violation of G.S. 14-106. Upon his plea of not guilty, the district court rendered a verdict of guilty and entered judgment. The defendant appealed the judgment of the district court and, upon trial de novo in superior court, entered a plea of not guilty. The jury returned a verdict of guilty. From judgment sentencing him to imprisonment, the defendant appealed.

The facts pertinent to this appeal are uncontested. On 15 February 1977, a warrant was issued against the defendant, Archie S. McKinnon, Sr., charging him with obtaining property in return for a worthless check in violation of G.S. 14-106. The defendant was tried and convicted upon this warrant in district court and appealed to the superior court. Upon his trial de novo in superior court, the defendant was found guilty by a jury and sentenced to twenty-four months' imprisonment. Pursuant to the provisions of G.S. 15-197.1, the court ordered that the defendant serve an active sentence of six months' imprisonment and the remainder of the sentence be suspended for five years with the defendant placed on probation.

The superior court judgment of 9 June 1977 imposing the sentence indicated on its face that the defendant had been tried for and convicted of issuing worthless checks in violation of G.S. 14-107. On 9 November 1977, an amended judgment was filed out of term with the clerk which was identical to the judgment of 9 June 1977 with the sole exception of inserting a reference to G.S. 14-106 in place of the reference to G.S. 14-107. From the judgment as amended, the defendant appeals.

*Attorney General Edmisten by Assistant Attorney General James Wallace, Jr. for the State.*

*Harold F. Greeson for the defendant appellant.*

MITCHELL, Judge.

The defendant, Archie S. McKinnon, Sr., has presented us with a single assignment of error directed only to the judgment and sentence of the superior court. He contends that the act of the superior court in entering the amended judgment out of term is void, as it altered the conclusion of law in the case after the term during which the original judgment was entered. He further contends the initial judgment referring to G.S. 14-107 remains in effect, and that the sentence imposed thereby was in excess of the maximum sentence of not more than thirty days' imprisonment provided for in that statute. The defendant contends this case must be remanded to the superior court for entry of a proper judgment and sentence not in excess of the maximum provided by G.S. 14-107.

A review of the judgment of 9 June 1977, prior to amendment, should not be made without reference to the warrant initiating the charge giving rise to the judgment and sentence. *See Coach Co. v. Coach Co.*, 237 N.C. 697, 76 S.E. 2d 47 (1953); *State v. Edgerton*, 25 N.C. App. 45, 212 S.E. 2d 398 (1975). The warrant upon which the defendant was tried and convicted in district court, and again convicted on trial de novo in superior court, specifically stated that the defendant was charged with a violation of G.S. 14-106. Allegations supporting each and every element of an offense under G.S. 14-106 were specifically set forth in that warrant. As neither the testimony presented in superior court nor the superior court's instructions to the jury are included in the record on appeal, we must presume that the charge was correct and the evidence supported the allegations contained in the warrant. Thus, a conviction and judgment sentencing the defendant for a violation of G.S. 14-106 were proper.

When the judgment in this case is reviewed in light of the warrant initiating the charge against the defendant, as it must be, it is clear that the reference to G.S. 14-107 was merely a clerical error. A court of record has inherent power to amend its records to make them speak the truth, whether in or out of term. 8 Strong, N.C. Index 3d, Judgments, § 6.1, pp. 21-23. The amended judgment filed in this case on 9 November 1977 involved merely the substitution of a citation to the appropriate statute in place of a citation to an inapposite statute. As such it constituted merely the correction of a clerical error by an amendment to the record to make it speak the truth. This was not error.

Even if the amended judgment is viewed as void ab initio, however, the defendant is not entitled to the relief he seeks. It is recognized that a reference in an indictment to the specific section of the General Statutes relied upon is not necessary to its validity, and reference to an inapposite statute will not vitiate such an indictment. *State v. Anderson*, 259 N.C. 499, 130 S.E. 2d 857 (1963); *State v. Smith*, 240 N.C. 99, 81 S.E. 2d 263 (1954). Where, as here, a reference to an inapposite statute is made in a judgment, it is less likely to be harmful to a defendant than when made in an indictment. Unlike a warrant or indictment, the judgment comes only after trial and cannot be said to mislead the defendant in his attempts to ascertain the charge against him in order to prepare his defense. We hold, therefore, that the

reference to an inapposite statute in the judgment prior to amendment in this case did not vitiate that judgment or render the sentence imposed a sentence in excess of that provided by law for the violation of G.S. 14-106, which the defendant was found to have committed. The reference to G.S. 14-107 in the judgment was, therefore, harmless surplusage. *State v. Edgerton,* 25 N.C. App. 45, 212 S.E. 2d 398 (1975).

The defendant does not contend there was error in the trial of this case, and limits his assignment of error to the contentions previously set forth and relating solely to the judgment. For the reasons discussed, we find the judgment of the superior court was proper and must be

Affirmed.

Judges MORRIS and CLARK concur.