STATE OF NORTH CAROLINA v. JOSEPH CORBIN

No. 794SC929

(Filed 5 August 1980)

1. **Robbery § 4.5– driver of getaway vehicle – guilt as aider and abettor**

    The State's evidence was sufficient to support defendant's conviction of armed robbery as an aider and abettor where it tended to show that one perpetrator talked to defendant about committing a robbery; defendant accompanied the two perpetrators to the robbery scene; and defendant watched the perpetrators commit an armed robbery of two persons and drove them away from the robbery scene.

2. **Criminal Law § 86.9– bias of accomplice – exclusion of testimony**

    Defendant was not prejudiced when the court sustained the State's objections to questions asked defendant's alleged accomplice as to whether he had been advised of the sentence for armed robbery and whether he considered the fact that he would have a certain length of time to visit with relatives if he did one thing and another length if he did another thing where the record does not show what the witness's answers would have been and the witness was questioned at length about his plea bargain.

3. **Constitutional Law § 74– witness who pled guilty but not yet sentenced – assertion of privilege against self-incrimination**

    A witness who had entered a guilty plea pursuant to a plea bargain to the same crimes for which defendant was being tried but who had not been sentenced had a right to refuse to answer questions in defendant's trial on the ground that his answers might tend to incriminate him since there was a possibility that the witness would be tried on the charges if the trial judge decided to impose a different sentence than that agreed upon in the plea bargain.

4. **Criminal Law § 102.6– guilt beyond reasonable doubt – improper jury argument – harmless error**

    The prosecutor's jury argument that a juror could not believe a person is guilty without being convinced of his guilt beyond a reasonable doubt was an erroneous statement of the law and improper, but such error was not prejudicial where the court properly instructed the jury as to reasonable doubt.

APPEAL by defendant from *Tillery, Judge.* Judgments en-

State v. Corbin

tered 9 May 1979 in Superior Court, ONSLOW County. Heard in the Court of Appeals 28 February 1980.

Defendant was charged in two counts of armed robbery which were consolidated for trial. The State offered evidence including the testimony of Clive Thompson that on 29 December 1978 Clive Thompson talked to defendant in regard to committing an armed robbery. Mr. Thompson testified, "At first Mr. Corbin was kind of hesitant. He didn't want to go through with it at first. He said he was still undecided. He didn't want to do it at first, and in a way I kind of talked him into doing it." Mr. Thompson testified further that he persuaded Amando Holder to participate with them in the robbery and that the three of them drove to a bar in Jacksonville. The defendant waited in the automobile while Thompson and Holder robbed two Marines at gunpoint outside the bar. Defendant could see the robbery take place. Defendant drove Thompson and Holder away from the scene of the robbery, and the money from the robbery was divided between them.

From a prison sentence imposed after being convicted on both charges, the defendant has appealed.

*Attorney General Edmisten, by Associate Attorney William R. Shenton, for the State.*

*Whitted, Jordan and Matthewson, by Louis Jordan, for defendant appellant.*

WEBB, Judge.

[1] Defendant assigns as error the overruling of his motion to dismiss. He concedes there is sufficient evidence to convict Thompson and Holder of armed robbery but contends there is no evidence he gave them any aid, advice, counsel or encouragement. Defendant contends there is no evidence he aided or abetted in the robbery. We hold that when Mr. Thompson testified that he talked to defendant about committing a robbery, that defendant accompanied Thompson and Holder to the scene, and that defendant watched them commit the robbery and drove them away from the scene of the robbery, this was

sufficient evidence for the jury to find defendant participated in an armed robbery.

[2] Defendant also assigns as error the sustaining of objections to the following questions asked on cross-examination of Clive Thompson.

"Q. Have you ever been advised as to the sentence of armed robbery?

\* \* \*

... Did you consider the fact that you would have a certain length of time to visit with your parents and grand-parent if you did one thing and another length of time if you did another thing."

What the witness's answers to these questions would have been is not in the record so we cannot tell whether the defendant was prejudiced. The defendant contends he was entitled to have the witness answer the questions in order to show prejudice and bias toward the defendant. The witness was questioned at length in regard to his plea bargain. There was sufficient evidence of the plea bargain to show any bias from that source. We hold the defendant was not prejudiced by the sustaining of objections to the above two questions.

[3] The defendant called as a witness Amando Holder who refused to answer questions on the ground the answers might tend to incriminate him. The defendant assigns as error the refusal of the court to require Holder to answer the questions propounded. The record discloses that Holder had pled guilty, pursuant to a plea bargain, of the same armed robberies for which the defendant was being tried. He had not been sentenced. The defendant relies on *State v. Morgan,* 133 N.C. 743, 45 S.E. 1033 (1903) which holds that a person who has been pardoned for a crime cannot plead the Fifth Amendment when called to testify in regard to that crime since he can suffer no further punishment for the crime. The defendant argues that Holder cannot be punished further and should have been required to testify. A person being tried has a constitutional right

State v. Corbin

to have witnesses testify for him. This right has to yield to the right of a witness not to testify if his testimony or any information directly or indirectly derived from such testimony may be used against him in a criminal action. *See Kastigar v. United States,* 406 U.S. 441, 92 S. Ct. 1653, 32 L. Ed. 2d 212 (1972). In the case sub judice, Holder had pled guilty pursuant to a plea bargain. He had not been sentenced. G.S. 15A-1024 provides that if the judge decides to impose a different sentence than that agreed upon in the plea bargain, the defendant may withdraw his plea and have the case continued to the next term. There was a possibility that Holder would be tried on the charges although he had entered a plea of guilty. He had the right not to testify.

The defendant next argues that the court committed error in its recapitulation of the evidence by placing more emphasis on the evidence of the State than the evidence of the defendant. The defendant did not put on any witnesses but he did put on some favorable evidence through cross-examination. The court's recapitulation of the State's evidence covered 74 lines of the record and its recapitulation of the defendant's evidence covered 13 lines from the record. This in itself is not error. *See State v. Doss,* 279 N.C. 413, 183 S.E. 2d 671 (1971). The defendant contends the court should have charged the defendant was "hesitant" and that such term meant he did not want to be involved. He also contends the court should have charged that after the robbery the defendant refused to take any money. There is nothing in the record to show the defendant asked for these two statements as to the evidence. The evidence shows the defendant took a part of the money. This assignment of error is overruled.

The defendant next assigns as error the reference in the charge to Clive Thompson as being an "accomplice" in the crime for which reason the court instructed the jury to scrutinize Clive Thompson's testimony. Defendant contends that by implication this describes the defendant as a principal felon. This assignment of error is overruled.

[4] The defendant next assigns as error an argument to the jury by the prosecuting attorney. After the jury retired, the court had the following argument placed in the record:

Central Systems v. Heating & Air Conditioning Co.

"The State argued in its argument that on many occasions when a jury goes back and deliberates, they come out and return a verdict of not guilty. We might speak to one of the jurors to find out what the reason was in rendering that verdict and the jury on many occasions ... the jury will say that I believe the person was guilty, but I don't believe that you convinced me beyond a reasonable doubt. The State contends that this is a contradiction of terms; that indeed if you believe the person to be guilty, then you are indeed convinced beyond a reasonable doubt."

This statement by the prosecuting attorney is an erroneous statement of the law and should not have been made. A juror can believe a person is guilty and not believe it beyond a reasonable doubt. We do not believe this is too difficult for a man of average mind to comprehend. Nevertheless, we do not believe this was prejudicial error. The court properly instructed the jury as to reasonable doubt. We hold that beyond a reasonable doubt the erroneous argument is not so prejudicial as to require a new trial.

No error.

Judges HEDRICK and WELLS concur.