STATE OF NORTH CAROLINA v. DARYL WESLEY FERREE

No. 8120SC340

(Filed 6 October 1981)

**1. Robbery § 2— armed robbery—not necessary to charge aiding and abetting in indictment**

   A person who aids or abets another in the commission of armed robbery is guilty under the provisions of N.C.G.S. § 14-87, and it is not necessary that the indictment charge the defendant with aiding and abetting.

**2. Criminal Law § 9.2— aider and abettor—guilt as to all criminal acts**

   A defendant who enters into a common design for a criminal purpose is equally deemed in law a party to every act done by others in furtherance of such design; therefore, where defendant knew that his companion was going to rob a store, it did not matter that he did not know his companion was going to use a firearm.

APPEAL by defendant from *Lamm, Judge.* Judgment entered 3 November 1980 in Superior Court, MOORE County. Heard in the Court of Appeals 23 September 1981.

The defendant was indicted for armed robbery and the jury found him guilty as charged. From a sentence of a maximum of seven years imprisonment as a committed youthful offender, the defendant appeals.

The State's evidence tended to show that on 9 September 1980 the defendant participated in the armed robbery of the West End Grocery Mart. Wardell Blackman testified that he and the defendant drove to the scene of the crime, that they decided to rob the store, and that the defendant waited outside in the car while Blackman went into the store and robbed the proprietors at gunpoint. Blackman then got back into the car with the defendant, who drove them away from the scene. The two men agreed to split the robbery proceeds and Wardell gave the defendant a handful of the coins prior to their arrests.

The defendant testified that he had no agreement with Blackman to rob the store and that he did not realize that Blackman planned the robbery until Blackman got a toboggan and a bag out of the trunk immediately before going into the store. The defendant did not know that his companion had a gun and did not intend to take any of the robbery proceeds.

*Attorney General Edmisten by Assistant Attorney General Tiare B. Smiley, for the State.*

*Seawell, Robbins, May, Webb & Rich by H. F. Seawell, Jr., for the defendant-appellant.*

MARTIN (Robert M.), Judge.

[1] The defendant assigns as error the trial court's denial of his motion to dismiss for fatal variance between the indictment and the State's proof. The defendant contends that the court erred in charging the jury that they could find the defendant guilty if they found he aided and abetted in the commission of armed robbery, because the indictment did not charge the defendant with aiding and abetting. We disagree. *State v. Bell*, 270 N.C. 25, 153 S.E. 2d 741 (1967) holds explicitly that a person who aids or abets another in the commission of armed robbery is guilty under the provisions of N.C. Gen. Stat. § 14-87, and it is not necessary that the indictment charge the defendant with aiding and abetting.

[2] The defendant also contends that although he knew that his companion was going to rob the store, he did not know that his companion was going to use a firearm. A defendant who enters into a common design for a criminal purpose is equally deemed in law a party to every act done by others in furtherance of such

design. *State v. Lovelace*, 272 N.C. 496, 158 S.E. 2d 624 (1967). Thus, if "two persons join in a purpose to commit a crime, each of them, if actually or constructively present, is not only guilty as a principal if the other commits that particular crime, but he is also guilty of any other crime committed by the other in pursuance of the common purpose; that is, the common plan to rob, or as a natural or probable consequence thereof." *State v. Westbrook*, 279 N.C. 18, 41-42, 181 S.E. 2d 572, 586 (1971), *vacated on other grounds* 408 U.S. 939, 33 L.Ed. 2d 761, 92 S.Ct. 2873 (1972), conformed to 281 N.C. 748, 191 S.E. 2d 68 (1972). Thus defendant's argument is without merit and is overruled.

We add that in this case it may be easily inferred from the State's evidence that the defendant and Wardell Blackman went to the scene in an automobile; that the defendant stayed in the car while his companion entered the West End Grocery Mart and with the use of a firearm robbed the proprietors; that the defendant drove Blackman away from the scene of the robbery; and that the defendant had some of the robbery proceeds in his possession upon his arrest. Taking the evidence in the light most favorable to the State, we find the evidence sufficient to warrant submitting the case to the jury. *See, State v. Corbin*, 48 N.C. App. 194, 268 S.E. 2d 260, *disc. review denied* 301 N.C. 97, 273 S.E. 2d 301 (1980); *State v. Allen*, 24 N.C. App. 692, 212 S.E. 2d 389 (1975); *State v. Goodman*, 26 N.C. App. 276, 215 S.E. 2d 842 (1975).

For the foregoing reasons the defendant's assignments of error is without merit and is overruled.

No error.

Judges MARTIN (Harry C.) and BECTON concur.