442 A.2d 1147

COMMONWEALTH of Pennsylvania,

v.

**Santo Anthony BELLACCHIO, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed March 12, 1982.

Petition for Allowance of Appeal Denied July 9, 1982.

472

Stephen H. Serota, Philadelphia, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before CERCONE, President Judge and HESTER and WIEAND, JJ.

WIEAND, Judge:

Santo Anthony Bellacchio, the appellant herein, was tried jointly with his brother, Michael Bellacchio, on charges of burglary,[1] theft by unlawful taking,[2] theft by receiving stolen property,[3] and criminal conspiracy with one Reba Walker to receive stolen property.[4] He was found guilty of theft by receiving stolen property and conspiracy. After post trial motions had been denied and sentence imposed,

1. 18 Pa.C.S.A. § 3502.

2. 18 Pa.C.S.A. § 3921.

3. 18 Pa.C.S.A. § 3925.

4. 18 Pa.C.S.A. §§ 903, 3925.

trial counsel withdrew his appearance for appellant. Present counsel thereupon entered his appearance and has pursued this direct appeal. In addition to several alleged trial errors, appellant contends that trial counsel was constitutionally ineffective. We find no merit in any of these contentions; and, therefore, we affirm the judgments of sentence.

On February 7, 1978, at approximately 6:30 a. m., appellant and his brother, Michael, together with Vincent Card and Robert Meade, were observed walking through a snow storm carrying television and stereo sets. When Officer Richard J. Burke, Upper Darby Police, attempted to investigate, the young men dropped the items which they were carrying and ran. All were subsequently apprehended, and the items which they had been carrying were determined to have been removed from the Vanleer I. Bond Department Store, Drexel Hill, during a burglary which had occurred shortly after midnight. A search of appellant's home disclosed additional stolen television sets and a stolen radio. It also disclosed that the home was occupied by Reba Walker, who was then living with appellant.

■ This evidence was sufficient to prove defendant's guilt of theft by receiving stolen property, and the trial court properly refused a motion in arrest of judgment.

■ Appellant contends that the trial court erred in permitting Vincent Card and Robert Meade to assert the Fifth Amendment privilege against self-incrimination when called as defense witnesses.[5] Card, a juvenile, had previously given testimony during proceedings in which he was certified for trial as an adult; and Meade had entered pleas of guilty to charges of burglary and criminal conspiracy but had not yet been sentenced for his part in the burglary. Both had exonerated appellant from participating in the burglary.

5. Appellant's complaint that the privilege was asserted by Card's counsel is not supported by the record. Moreover, it is entirely proper that counsel advise a witness to refuse to answer questions tending to incriminate him. *Evans v. Metropolitan Life Ins. Co.*, 294 Pa. 406, 412, 144 A. 294, 296 (1928).

474

■ The waiver of the privilege against self-incrimination in one proceeding does not affect the right to invoke it in an independent proceeding. ·Commonwealth v. Rodgers, 472 Pa. 435, 451 n.6, 372 A.2d 771, 778 n.6 (1977). See, e.g., United States v. Yurasovich, 580 F.2d 1212, 1220 (3rd Cir. 1978); United States v. Housand, 550 F.2d 818, 821, n.3 (2nd Cir. 1977), cert. denied, 431 U.S. 970, 97 S.Ct. 2931, 53 L.Ed.2d 1066 (1977); United States v. Cain, 544 F.2d 1113, 1117 (1st Cir. 1976). However, a witness who invokes the privilege against self-incrimination is unavailable for purposes of the hearsay exception permitting the introduction of the notes of testimony from a prior judicial proceeding. Commonwealth v. Rodgers, supra, 472 Pa. at 453, 372 A.2d at 779; Commonwealth v. Colon, 461 Pa. 577, 583, 337 A.2d 554, 557 (1975), cert. denied, 423 U.S. 1056, 96 S.Ct. 788, 46 L.Ed.2d 645 (1976). In the instant case, the trial court permitted Card to assert the privilege against self-incrimination but allowed defense counsel to read to the jury the record of Card's prior testimony. We perceive no error in this ruling of the trial judge.

■ A witness may invoke the privilege against self-incrimination if his conviction has not been finalized by the imposition of sentence. Commonwealth v. Sanabria, 478 Pa. 22, 29, 385 A.2d 1292, 1295 (1978); Commonwealth v. Garland, 475 Pa. 389, 395, 380 A.2d 777, 779–780 (1977). See also: Mills v. United States, 281 F.2d 736, 741 (4th Cir. 1960); Steinberger v. District Court of Tenth Judicial District, 198 Colo. 59, 61, 596 P.2d 755, 757 (1979); People v. Smith, 34 Mich.App. 205, 211, 191 N.W.2d 392, 394–395 (1971), aff'd, 396 Mich. 362, 240 N.W.2d 245 (1976); State v. Tyson, 43 N.J. 411, 416, 204 A.2d 864, 867 (1964), cert. denied, 380 U.S. 987, 85 S.Ct. 1359, 14 L.Ed.2d 279 (1965); State v. Corbin, 48 N.C.App. 194, ——, 268 S.E.2d 260, 262, pet. denied, 301 N.C. 97, 273 S.E.2d 301 (1980). Therefore, the trial court properly refused to allow appellant to call Meade to the stand after the trial judge had been advised in chambers by Meade and his attorney that Meade would invoke the Fifth Amendment if called as a witness. A

witness should not be placed on the stand solely for the purpose of having him exercise his privilege against self-incrimination before the jury. "If it appears that a witness intends to claim the privilege as to essentially all questions, the court may, in its discretion, refuse to allow him to take the stand. Neither side has the right to benefit from any inferences the jury may draw simply from the witness' assertion of the privilege . . ." *United States v. Lacouture*, 495 F.2d 1237, 1240 (5th Cir.), *cert. denied*, 419 U.S. 1053, 95 S.Ct. 631, 42 L.Ed.2d 648 (1974), quoting *United States v. Johnson*, 488 F.2d 1206, 1211 (1st Cir. 1973). See also: *Bowles v. United States*, 142 U.S.App.D.C. 26, 32, 439 F.2d 536, 542 (1970), *cert. denied*, 401 U.S. 995, 91 S.Ct. 1240, 28 L.Ed.2d 533 (1971); *Commonwealth v. Greene*, 445 Pa. 228, 231–232, 285 A.2d 865, 867 (1971); *Commonwealth v. Pritchard*, 270 Pa.Superior Ct. 461, 468, 411 A.2d 810, 814 (1979); *Commonwealth v. Hackett*, 225 Pa.Superior Ct. 22, 24 n.2, 307 A.2d 334, 335 n.2 (1973).

■ Appellant also contends that the trial court erred in refusing a continuance after Meade had asserted the privilege against self-incrimination and had refused to testify. There is no merit in this contention. In the first place, the alleged error was not complained of in appellant's motion for new trial. Therefore, the issue has been waived. *Commonwealth v. Twiggs*, 485 Pa. 481, 402 A.2d 1374 (1979); *Commonwealth v. Blair*, 460 Pa. 31, 33 n.1, 331 A.2d 213, 214 n.1 (1975); *Commonwealth v. Bronaugh*, 459 Pa. 634, 636, 331 A.2d 171, 172 (1975); *Commonwealth v. Kearney*, 459 Pa. 603, 606, 331 A.2d 156, 157 (1975); *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974); *Commonwealth v. Rinier*, 255 Pa.Superior Ct. 166, 171–172, 386 A.2d 560, 563 (1978).

■ Appellant argues, however, that trial counsel was ineffective for failing to list the court's refusal of a continuance as a reason for new trial. Because the issue lacks arguable merit, counsel will not be held ineffective for failing to preserve it. The granting or refusing of a continuance depends upon the exercise of discretion by the trial

judge, and his or her decision will not be reversed in the absence of an abuse thereof. *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964); *United States ex rel. Carey v. Rundle*, 409 F.2d 1210 (3rd Cir. 1969), *cert. denied*, 397 U.S. 946, 90 S.Ct. 964, 25 L.Ed.2d 127 (1970); *Commonwealth v. Howard*, 466 Pa. 445, 447, 353 A.2d 438, 438 (1976); *Commonwealth v. DiPasquale*, 431 Pa. 536, 541, 246 A.2d 430, 432 (1968); *Commonwealth v. Richardson*, 392 Pa. 528, 540, 140 A.2d 828, 835 (1958); *Commonwealth v. Minifield*, 225 Pa.Superior Ct. 149, 158, 310 A.2d 366, 370 (1973). There was no abuse of discretion in the instant case. The trial had already commenced and the Commonwealth's evidence had been fully presented. The trial court properly refused a request for an indefinite continuance thereafter in the hope that Meade's conviction would become final and he could be forced to testify as a defense witness.

After it became apparent that Meade would not testify, defense counsel extracted from the District Attorney a stipulation that Meade had entered pleas of guilty to charges of burglary and conspiracy. The purpose apparently was to suggest by implication that Meade committed the burglary rather than appellant. This stipulation was communicated to the jury by instructing as follows:

"Now, as to Robert Meade, counsel for defendant, in the presence of these defendants, themselves, says that he wants stipulated and stipulates of record, even though Meade is in court, that Robert Meade entered a plea of guilty to burglary of the Bond's Store and also he entered a plea of guilty to conspiracy.

"Now, Members of the Jury, you have that for your consideration. In other words, even the defendants asked that this testimony be produced, and the testimony as to Meade, as to he in this court in the presence of these defendants pleaded guilty to this burglary. Now, the defense contends that since Robert Meade pled guilty to burglary, that exculpates him. That's a part of their defense, Meade did it. He didn't do it. Now, you are

going to determine it, ladies and gentlemen. You will remember what Card said and you will remember about his association with Meade and Meade's association [6] with these defendants. He pleaded guilty, not to buying it, but he pleaded guilty to burglarizing the Bond's Store and also pleaded guilty to conspiracy.[7] Now, that comes in the defendant's case. They offered that themselves. You will take that into consideration, ladies and gentlemen."

At the close of the jury instructions, the trial court asked for suggestions or corrections. None were offered with respect to the above portion of the charge. Appellate counsel argues that it was error for the trial judge to expand upon the stipulation of counsel and that the charge thereon was distorted and confusing. He also contends that appellant's trial counsel was ineffective for failing to take exception thereto and preserve the issue by including it in the written motion for new trial. We find no merit in these arguments.

The charge correctly recited the stipulation regarding Meade's guilty plea and also stated defense counsel's reasons for wanting the jury to know of the plea.[8] The trial judge correctly placed the stipulation before the jury, and his charge contained nothing prejudicial. Counsel will not be held ineffective for failing to make meritless objections. *Commonwealth v. Johnson*, 490 Pa. 312, 316, 416 A.2d 485, 487 (1980); *Commonwealth v. Weathers El*, 485 Pa. 28, 32, 400 A.2d 1295, 1297 (1979); *Commonwealth v. Taggart*,

---

**6.** Appellant and his brother testified that they had gone out into the snow to catch appellant's dog which had escaped. They said they had been throwing snowballs when Card and Meade came along. They denied any other association at the time of their arrest. Card's testimony was that he and Meade had been shovelling snow to earn money when they met three men and a woman who sold them a radio and a television set.

**7.** Appellant had not been charged with being a part of the conspiracy to burglarize Bond's Store.

**8.** Counsel's strategy, if somewhat unorthodox, was nevertheless successful. The jury acquitted appellant of burglary and theft by unlawful taking.

291 Pa.Superior Ct. 133, 135, 435 A.2d 604, 605 (1981); *Commonwealth v. Harris*, 286 Pa.Superior Ct. 135, 137, 428 A.2d 609, 610 (1981); *Commonwealth v. Crawford*, 285 Pa. Superior Ct. 169, 182, 427 A.2d 166, 173 (1981).

Appellant raises two additional trial rulings which are alleged to constitute error. First, he argues that it was error to permit Detective Bratsis to testify as a rebuttal witness for the Commonwealth. At the beginning of the trial the court had sequestered witnesses, but Bratsis was not deemed to be a witness by the Commonwealth and was present in the courtroom during the trial. He did not give evidence of any kind until, on rebuttal, the Commonwealth proposed to call Bratsis for the sole purpose of showing that appellant had made to him a pre-trial statement inconsistent with a portion of his trial testimony. The trial court, over objection, permitted him to testify for this limited purpose.

The trial court did not commit error. The question of sequestering witnesses is left largely to the discretion of the trial judge, and his decision in such matters will be reversed only for a clear abuse of discretion. *Commonwealth v. Holland*, 480 Pa. 202, 213, 389 A.2d 1026, 1031 (1978); *Commonwealth v. Martin*, 479 Pa. 609, 616–617, 388 A.2d 1361, 1365 (1978); *Commonwealth v. Yount*, 455 Pa. 303, 318, 314 A.2d 242, 250 (1974); *Commonwealth v. Kravitz*, 400 Pa. 198, 218, 161 A.2d 861, 870 (1960), *cert. denied*, 365 U.S. 846, 81 S.Ct. 807, 5 L.Ed.2d 811 (1961). There was no abuse of discretion in the instant matter. Detective Bratsis was permitted to give testimony limited in scope and of a nature that could not realistically be conformed to the testimony of prior witnesses.[9]

9. Appellate counsel also contends that trial counsel was ineffective for failing to request special instructions pertaining to the credibility of the witness because of his having been in the courtroom during trial. There is no merit in this contention. The jury was instructed generally concerning the credibility of witnesses, and under the circumstances of this case there was no need for a special instruction that Bratsis' credibility was suspect because he had been in the courtroom during the entire trial.

■ Secondly, appellant argues that it was error to allow testimony that searching police officers found in appellant's garage a radio stolen from Bond's but not listed in the information. Appellant cites no authority to support this argument, and we perceive no merit therein. The fact that evidence may not be recited in an information is not determinative that it is inadmissible. Any competent evidence is admissible if it is relevant, and this is so whether or not it has been recited in the information.

■ Generally speaking, evidence is relevant which tends to establish or negate the facts in issue in a case. *Commonwealth v. Davenport*, 462 Pa. 543, 555, 342 A.2d 67, 72 (1975); *Commonwealth v. Stewart*, 461 Pa. 274, 278, 336 A.2d 282, 284 (1975); *Commonwealth v. Hickman*, 453 Pa. 427, 433, 309 A.2d 564, 567–568 (1973); *Commonwealth v. Krajci*, 283 Pa.Superior Ct. 488, 495, 424 A.2d 914, 918 (1981); *Commonwealth v. Barber*, 275 Pa.Superior Ct. 144, 155, 418 A.2d 653, 658–659 (1980). Any legally competent evidence which, when taken alone or in connection with other evidence, affords reasonable inferences upon the matter in issue, tends to prove or disprove a material fact, or sheds light upon the issues in such a way as to enable the jury to draw a logical inference with respect to the principal fact in issue is relevant. See: Sum.Pa.Jur. Evidence, § 15.

■ That the finding of another stolen radio, one taken from the very store which appellant was accused of burglarizing, afforded reasonable inferences pertaining to appellant's culpability with respect to one or more of the crimes charged cannot seriously be questioned. There was no error in allowing the jury to consider it.

■ Trial counsel, moreover, was not ineffective for failing to request an instruction that the jury should disregard the finding of the radio during its deliberations. This is so for two reasons. In the first place, as we have seen, the evidence was properly received and could most certainly be considered by the jury in determining appellant's guilt or innocence. Secondly, trial counsel had already objected to

the admissibility of the evidence and had argued that it was not properly for the jury's consideration. His argument had been rejected and the objection overruled by the trial judge. It was not necessary to renew the objection in the form of a requested instruction to the jury to ignore it. The issue was properly preserved for review by counsel's timely objection. It cannot be required of trial counsel that he repeat all objections to evidence by requesting subsequent instructions that the jury ignore evidence previously ruled admissible.

Finally, appellant contends that the trial court's sentence improperly considered that appellant was the older brother,[10] had a prior criminal record and demonstrated "callous indifference" in permitting his brother to become involved with him in criminal activity. These facts are fully supported by the record and were properly considered by the trial judge.

Finding no merit in any of appellant's many contentions, we affirm the judgments of sentence.

10. Michael Bellacchio was only 16 years of age at the time the crimes were committed; appellant was 30.