## ARTIE S. RYAN v. CITY OF CROOKSTON.[1]

December 5, 1947.

No. 34,402.

[1]Reported in 30 N. W. (2d) 351.

*Samuel E. Paletz* and *Lloyd W. Friedman,* for appellant.

*J. H. Sylvestre,* for respondent.

THOMAS GALLAGHER, JUSTICE.

This is an action for damages for injuries sustained by plaintiff in a fall on one of the sidewalks of defendant. Plaintiff alleges that the city was negligent in maintaining such sidewalk and particularly in permitting a depression to exist therein which caused her to fall and sustain the injuries for which this action was brought. At the trial, the court submitted to the jury the question of defendant's negligence and plaintiff's contributory negligence. A verdict was returned for defendant. This appeal is from an order denying plaintiff's motion for a new trial.

The evidence indicates the following: Broadway is a duly dedicated street of defendant city, running in a general north and south direction. It is intersected by Robert street, likewise duly dedicated, running east and west. At the northeast corner of the intersection thus formed is a two-story brick building fronting 50 feet on Broadway. Therein are two places of business, the Polk County State Bank, which occupies the corner room, and a restaurant known as the Sweet Shop, which occupies the adjoining space to the north thereof. Between the entrances to the bank and the Sweet Shop is an entrance to a stairway leading to the basement and the second floor of the building. The sidewalk in front of this structure, composed of concrete squares 18 x 18 inches, is maintained by the city.

On April 28, 1945, at about 1:15 p. m., plaintiff, while walking north on the sidewalk in front of this building, with the intention

of entering the Sweet Shop, slipped or stumbled against the edge of a depression in one of the sidewalk blocks and fell, sustaining the injuries for which recovery is here sought.

The depression in the concrete square was irregular in shape and slightly less than ¾ of an inch deep at its deepest part. It was caused by the scaling or disintegration of the concrete surface. It was approximately three feet from the property line and opposite the entrance to the bank.

The evidence disclosed that the city engineer had repeatedly made inspections of all sidewalks in the city and had repaired any depressions in them which were considered hazardous, but that he had no knowledge of this particular depression prior to the accident.

The evidence further disclosed that plaintiff had seen the depression many times before the accident; that the day of the accident was sunny and warm; and that plaintiff's eyesight was "good."

On appeal, plaintiff asserts (1) that certain remarks of the trial court made during the progress of the trial constituted prejudicial error; (2) that the trial court's rulings on certain evidence constituted reversible error; (3) that the court erred in its instructions to the jury; and (4) that the evidence indicated that plaintiff was free from contributory negligence as a matter of law, and the court erred in submitting the issue with reference thereto to the jury.

■ Plaintiff complains of certain remarks made by the presiding judge. Examination of the record indicates that most of the remarks complained of were made for the purpose of obtaining orderly procedure in the trial of the action and that they were directed to both counsel. Others objected to were made in chambers, out of the hearing and presence of the jurors. No objection was made or exception taken to any of such remarks throughout the trial. It will serve no useful purpose to set them forth in detail. We are satisfied that they were not prejudicial. See, Merchants & F. Mut. Cas. Co. v. St. Paul-Mercury Ind. Co. 218 Minn. 386, 16 N. W. (2d) 463.

■ Plaintiff next asserts that defendant's counsel was guilty of prejudicial misconduct in his argument to the jury in making the statement that plaintiff was "a drinking woman." There is nothing

in the record to indicate that such a remark was made. It is denied by counsel for defendant. The trial court in its memorandum states that in the recollection of the court no such remark was made. No objections were made or exceptions taken, either during or subsequent to such argument or remarks. We are bound by the settled case as here submitted, particularly where it has been allowed by the trial court. See, Merchants & F. Mut. Cas. Co. v. St. Paul-Mercury Ind. Co. *supra;* Sigvertsen v. Maney Bros. Mill & Elev. Co. 182 Minn. 387, 234 N. W. 688; Eilola v. Oliver I. Min. Co. 201 Minn. 77, 275 N. W. 408; State v. Jansen, 207 Minn. 250, 290 N. W. 557; Symons v. G. N. Ry. Co. 208 Minn. 240, 293 N. W. 303; State v. Cook, 212 Minn. 495, 4 N. W. (2d) 323; Ickler v. Hilger, 215 Minn. 82, 10 N. W. (2d) 277.

■ Plaintiff complains of three instances in which, she asserts, the court erred, in connection with the admission of testimony submitted. The first instance related to her counsel's objection to a question propounded to one of her witnesses on cross-examination, to wit: "You don't want the jury to place any reliance on your judgment when you say that?" Plaintiff's counsel objected to the question on the ground that it was "an improper way of putting the question." The question was directed to the witness's certainty with reference to her testimony as to the depth of the depression involved. The trial court did not pass upon the objection, but the question was not answered or renewed. We find no prejudicial error.

The next instance complained of relates to the trial court's overruling of plaintiff's objection to a question put to Ella Hieberg, stenographer employed by defendant's counsel, with reference to statements plaintiff had made to such counsel prior to the action and which the witness had taken in shorthand and transcribed. The question was, "Will you refer to those notes and state what she [plaintiff] said at that time with respect to her stay and confinement at the Bethesda Hospital?" The question was objected to as immaterial. Plaintiff had previously testified, and the question was designed to indicate that she had made remarks to defendant's counsel prior to the action which were inconsistent with her

testimony at the trial. Accordingly, the question was proper and the court correctly overruled the objection thereto.

Plaintiff asserts that the trial court erred in failing to strike from the record the testimony of two witnesses employed ·by defendant's counsel, who testified to statements made by plaintiff which the latter previously had denied. There appears nothing improper about the admission of such testimony. Further, there was no motion to strike nor any assignment that the court erred because such testimony was not stricken from the record. There is nothing here for determination with respect thereto.

■ The court's charge to the jury included the following:

"* * * In considering this question [contributory negligence] you have a right to consider her knowledge, the knowledge of plaintiff, of the existence of the defect; her opportunity for avoiding such defect or going around it; and such other circumstances as a person of ordinary prudence would have in mind in walking upon the sidewalk in the condition in which it was."

No objections were made or exceptions taken to such instructions. At the conclusion of the charge the court asked counsel:

"Are there any further instructions either of you desire or any corrections that you wish me to make?"

To this question counsel for plaintiff replied:

"I have none in mind. I have no corrections to offer."

We find nothing erroneous in the charge as quoted. ·

■ Plaintiff next asserts that there was no evidence to sustain a finding that she was guilty of contributory negligence, and hence that it was error for the trial court to submit this issue to the jury. Numerous cases are cited in her brief on appeal in support of this contention. Examination of such authorities indicates that in each of them the court merely held that the issue of contributory negligence was properly submitted to the jury. The record indicates that plaintiff had full knowledge of the defective condition of the sidewalk and could have avoided it without inconvenience by

going around it or stepping over it. There was no error in submitting this issue to the jury. Gillson v. Osborne, 220 Minn. 122, 19 N. W. (2d) 1; and see Anderson v. Sears, Roebuck & Co. 223 Minn. 1, 26 N. W. (2d) 355.

Affirmed.

