STATE v. DELLON MAYNOR.

(Filed 12 January, 1968.)

**Criminal Law § 102—**

Wide latitude is allowed to counsel in the argument to the jury, including the use of illustrations and anecdotes, and the rulings of the trial court thereon will not be disturbed in the absence of gross abuse of discretion.

APPEAL by defendant from *Hobgood, J.,* April Criminal Session, 1967, ROBESON Superior Court.

The defendant was charged in a bill of indictment with the first degree murder of Fue Lowery on 6 December 1966. He was put on

trial for second degree murder and convicted of manslaughter.

The deceased was at the home of the defendant, a good deal of drinking took place, arguments ensued, and the defendant shot Lowery in the left chest with a shotgun. He died immediately.

The defendant claimed that the shooting was done in self-defense and in his own home. He offered evidence that he was a man of good character and that the deceased was violent and dangerous.

There was evidence which would have justified a verdict of guilty of murder in the second degree, but the defendant was convicted of the lesser charge of manslaughter.

The defendant brings forth no exceptions to the admission of evidence but assigns as error one statement in the charge of the Court which will be discussed in the opinion.

From a verdict of imprisonment the defendant appealed.

*L. J. Britt & Son by L. J. Britt, and Robert Weinstein, Attorneys for defendant appellant.*

*T. W. Bruton, Attorney General, and James F. Bullock, Deputy Attorney General, for the State.*

PER CURIAM. The defendant complains of the following remarks made by the assistant solicitor in his argument to the jury:

> "President Truman was coming down to North Carolina and was invited to stay in the Governor's mansion. Of course, the Secret Service checked out the representation of all people in the Governor's Mansion, and found out that all servants there were inmates of the North Carolina Prison System and had been convicted of some sort of criminal offense. The President asked the Governor about this, and the Governor said, 'I would never have put a thief in your house; would never have a person who breaks and enters in my presence; never have an embezzler in my house — but these people were all people of good character, committed crime, did it out of heat of blood and passion and will never commit those acts again.' "

The defendant objected and requested the Court to instruct the jury not to consider this and upon denial took exception.

We can see nothing wrong or prejudicial in this argument. Its effect is to say that even persons of good character sometimes in the heat of passion fight and take human life. That, of course, is true. The solicitor had the right to make the contention that notwithstanding the fact that the defendant was of good character, he could still be guilty of the offense charged, and to use the statement attributed to him in support of and illustrating his argument.

The use of illustrations and anecdotes in arguments to a jury are commonplace and to be expected. Wide latitude is given to counsel in argument. The judge hears the argument, knows the atmosphere of the trial and has the duty to keep the argument within proper bounds. His rulings will not be disturbed unless abuse of privilege is shown and the impropriety of counsel was gross and well calculated to prejudice a jury. *State v. Barefoot,* 241 N.C. 650, 86 S.E. 2d 424; *State v. Christopher,* 258 N.C. 249, 128 S.E. 2d 667.

The defendant further excepts to a portion of the charge relating to interested witnesses. While not in approved form, we are of the opinion that the error, if any, was not prejudicial.

The defendant's remaining assignment that the court erred in pronouncing judgment upon the verdict is formal and without merit.

No error.