STATE OF NORTH CAROLINA v. KENNETH HOSKINS

No. 777SC770

(Filed 18 April 1978)

**1. Criminal Law § 99.5— court's admonition to counsel—no error**

Defendant was not prejudiced where the trial court admonished both the prosecutor and defense counsel in the absence of the jury for their lack of cooperation with each other and the court.

**2. Criminal Law § 99.6— trial judge's remark—no expression of opinion**

The trial judge did not express an opinion in violation of G.S. 1-180 and invade the province of the jury when one witness testified on voir dire that he did not want to dispute the word of another witness, defense counsel asked him why, and the judge responded, "that was just an expression. And your question is argumentative."

**3. Criminal Law § 80.2— police complaint and investigation report—testimony properly admitted—discovery available**

The trial court did not err in refusing to require a police detective to read into the record a police department complaint and investigation report, since the court ordered a copy of the report itself placed in the record on appeal if the defendant wished; moreover, defendant's contention that he was surprised to his prejudice by the report is without merit, since the report was at all times available to him at the police department and since defendant made no attempt to discover the report, as was his right pursuant to G.S. 15A-902 and 903.

**4. Criminal Law § 66.16— pretrial photographic identification—in-court identification based on observation at crime scene**

The trial court did not err in allowing the victim of an armed robbery to make an in-court identification of defendant where evidence was sufficient to support the court's finding that the identification was based on the victim's observation of defendant at the crime scene and was not tainted by a proper pretrial photographic identification procedure.

5. **Criminal Law § 89.5— corroborating testimony—slight variations**

　　Slight variations between the testimony of a witness to be corroborated and the testimony of the corroborating witness will not render the latter inadmissible.

6. **Criminal Law §§ 102.2, 168— jury arguments—review on appeal**

　　The trial court in its discretion controls the arguments of counsel, and the court's rulings will not be disturbed absent a gross abuse of discretion; moreover, when a portion of the argument of either counsel is omitted from the record on appeal, the arguments must be presumed proper.

APPEAL by defendant from *Smith (Donald L.), Judge*. Judgment entered 6 May 1977 in Superior Court, WILSON County. Heard in the Court of Appeals 19 January 1978.

Defendant was indicted and tried for robbery with a firearm. Upon his plea of not guilty, the jury returned a verdict of guilty as charged. From judgment sentencing him to imprisonment as a committed youthful offender for a period of twelve years, the defendant appeals.

The State's evidence tended to show that, at 11:00 a.m. on 17 November 1976, Harriett Anderson was working alone in Dawson's Peanut Shop in Wilson, North Carolina. She was putting up stock when the defendant walked into the store. She recognized him as having been in the store "off and on" throughout the two years of her employment there, although she did not know his name. When asked what he wanted, the defendant pulled a pistol and commanded Harriett Anderson to give him the money from the store. She gave the defendant all of the money in the cash register and asked him not to harm her. The defendant was in the store for a total of approximately five minutes. Immediately following the robbery, the police were called. The witness, Harriett Anderson, gave a description of the robber to the police at that time.

The defendant's evidence was in the nature of alibi testimony tending to show that he was with his girl friend at the time of the robbery and was not present in the store. The defendant's evidence also tended to show that he had been convicted of only one minor violation of law.

Other relevant facts are hereinafter set forth.

*Attorney General Edmisten and Associate Attorney Robert W. Newsom III for the State.*

*Farris, Thomas & Farris, P.A., by Robert A. Farris, for defendant appellant.*

MITCHELL, Judge.

[1] Defendant first assigns as error the action of the trial court in admonishing both the prosecutor and defense counsel during voir dire for their lack of cooperation with each other and the court. Out of the presence of the jury, the trial court specifically warned both of them that, upon future bantering or failure to abide by the court's instructions, either or both would be held in contempt and jailed. The trial court also indicated that, if necessary, a mistrial would be declared.

Every person charged with a crime has a right to trial before an impartial judge and an unprejudiced jury. G.S. 1-180. *State v. Belk*, 268 N.C. 320, 150 S.E. 2d 481 (1966). Any intimidation or expression of opinion by the trial court which prejudices the jury against the accused is ground for a new trial *State v. Frazier*, 278 N.C. 458, 180 S.E. 2d 128 (1971). Here, however, the remarks of the trial court were clearly addressed to *both* the district attorney and defendant's counsel for purposes of insuring an orderly trial. They did not, therefore, constitute error. *State v. Arnold*, 284 N.C. 41, 199 S.E. 2d 423 (1973).

Additionally, the remarks to counsel were made out of the presence of the jury. Both G.S. 1-180 and G.S. 15A-1232, which will replace G.S. 1-180 on 1 July 1978, prohibit the expression of an opinion by the trial court to the jury. Where, as here, there is no reason to believe that jurors were informed of the fact that counsel had been chastised or rebuked by the trial court, no error was committed. *Hill v. Corcoran*, 15 Colo. 270, 25 P. 171 (1890), *aff'd.*, 164 U.S. 703, 41 L.Ed. 1182, 17 S.Ct. 994 (1896); *Ryan v. City of Crookston*, 225 Minn. 129, 30 N.W. 2d 351 (1947).

[2] The defendant also contends the trial court impermissibly expressed an opinion and invaded the province of the jury by commenting on the testimony of Detective Phil Houchens. The detective testified on voir dire for the purpose of corroborating the testimony of Harriett Anderson concerning an identification by

her of the defendant during a photographic lineup. At one point, however, it was obvious that his testimony would vary from Harriett Anderson's. She had stated that she did not remember giving this particular detective a description of the defendant. Detective Houchens testified that: "If I am not mistaken, I talked to her previously to this and she had given me a description. I don't want to dispute what she said, but I believe I talked to her before." The detective then outlined a description of the robber given him by the witness.

Counsel for the defendant then asked: "Why don't you want to dispute her word, Mr. Houchens?" The State's objection to the question was sustained. Counsel for the defendant then stated: "If your Honor please, I would like to be heard. He said, 'I don't want to dispute her word.'" To this the trial court responded: "Mr. Farris, that was just an expression. And your question is argumentative."

The defendant contends this statement by the trial court was an impermissible expression of opinion and invaded the province of the jury. This contention is without merit, as it was the province of the trial court, not the jury, to determine preliminary questions of fact upon which the admissibility of the witness' testimony depended. 12 Strong, N.C. Index 3d, Trial, § 18.1, p. 387. In makng its findings of fact and conclusions of law as to the admissibility of evidence, a trial court must necessarily express an opinion on the evidence presented on voir dire. The statement by the trial court was a proper exercise of its duty as the finder of fact and of its duty to supervise and control the conduct of the trial.

[3] The defendant next assigns as error the refusal of the trial court to require Detective Houchens to read into the record a "Wilson Police Department Complaint and Investigation Report." Rather than have the officer read the report, which the defendant concedes was a public record of a type frequently used by local newspapers to prepare news articles, the court ordered a copy of the report itself placed in the record on appeal if the defendant wished. We find the action of the trial court granted the substance of the defendant's motion and was not error.

The defendant seems to contend that he was surprised to his prejudice by the report. He contends that, as the report contained

a description of the robber by a witness never called by the State, the report was material to his defense and was improperly denied him. The record indicates, however, that the report was at all times available to the defendant at the police department as a matter of public record. Additionally the defendant made no attempt to discover this report, as was his right pursuant to G.S. 15A-902 and 903. The failure to seek discovery pursuant to the terms of G.S. 15A-902 and 903 constituted a waiver of the right to discovery pursuant to those statutes.

[4]   The defendant next assigns as error the failure of the trial court to exclude the in-court identification of the defendant by the witness Harriett Anderson. He contends that her identification was tainted by a prior photographic identification. This assignment is without merit.

The record reveals that the witness testified that she had worked in the store approximately two years, and during that time the defendant was an occasional customer. She observed him for approximately five minutes during a midday robbery with additional illumination provided by fluorescent lighting. She testified that her in-court identification before the jury was based upon her observation of the defendant at the time of the robbery.

Both Detective Houchens and the witness Anderson testified on voir dire that, after the robbery and before trial, she was shown six black and white photographs uniform in size and containing likenesses of males of the defendant's race. From this group she picked out the defendant's photograph and indicated that he was the man who had robbed her. Both Anderson and Houchens testified that no suggestion had been made to her as to which photograph to pick or that a photograph of the robber was, in fact, included in the group of photographs.

From this evidence, the trial court found the facts to be "as testified to" by the officer and Mrs. Anderson. Based on those findings the trial court concluded that Mrs. Anderson's identification was not the result of any suggestive procedure utilized by law enforcement officers and was not tainted in any way. The trial court held the in-court identification of the defendant by Mrs. Anderson to be proper and allowed it into evidence. Although we do not encourage such brevity in the trial court's findings of facts, they were adequate to support its conclusions

and were completely supported by the evidence. This assignment of error is overruled.

We note that the trial court, after making its findings and conclusions as to the admissibility of the in-court identification of the defendant, permitted Mrs. Anderson to testify before the jury as to her prior identification of the defendant's photograph. The trial court had not, however, made findings of fact and conclusions of law as to the propriety of the out-of-court identification of the defendant's photograph. Instead, the court merely determined that the in-court identification was not the result of any suggestive procedure.

Assuming arguendo that the identification of the defendant's picture in the photographic lineup was unnecessarily suggestive, the admission of Mrs. Anderson's testimony concerning that identification would not, under the totality of the circumstances, require a new trial in this case. *Manson v. Brathwaite*, 432 U.S. 98, 53 L.Ed. 2d 140, 97 S.Ct. 2243 (1977); *State v. Knight*, 282 N.C. 220, 192 S.E. 2d 283 (1972). In any event, it is clear that the photographic identification was not so suggestive as to give rise to the likelihood of irreparable misidentification, and we find no prejudicial error.

[5] Defendant also assigns as error the failure of the trial court to exclude the testimony of Detective Houchens' offered to corroborate the testimony of Mrs. Anderson. This contention is based upon minor variations in the testimony of the two witnesses as to the date of one of their conversations. The defendant argues that this variation is fatal, and that the detective's testimony was inadmissible. We do not agree, as such slight variations between the testimony of the witness to be corroborated and the testimony of the corroborating witness will not render the latter inadmissible. *State v. Walker*, 226 N.C. 458, 38 S.E. 2d 531 (1946). Such variations in testimony affect only the credibility to be given the evidence by the jury. *State v. Brooks*, 260 N.C. 186, 132 S.E. 2d 354 (1963).

[6] The defendant also assigns as error the overruling of his motion for a new trial based upon statements by the district attorney during arguments to the jury. The trial court in its discretion controls the arguments of counsel, and the court's rulings will not be disturbed absent a gross abuse of discretion. *State v.*

*Maynor*, 272 N.C. 524, 158 S.E. 2d 612 (1968). Further, appellate courts do not ordinarily interfere with the trial court's control of jury arguments, unless the impropriety of counsel's remarks is extreme and is clearly calculated to prejudice the jury in its deliberations. We are unable to make any such determination here, as both the arguments of counsel for the defendant and of the district attorney are omitted from the record. When a portion of the argument of either counsel is omitted from the record on appeal, the arguments must be presumed proper. *See State v. Taylor*, 289 N.C. 223, 221 S.E. 2d 359 (1976); *State v. Dew*, 240 N.C. 595, 83 S.E. 2d 482 (1954); 1 Strong, N.C. Index 3d, Appeal and Error, § 42.2, pp. 293-4. This assignment of error is overruled.

The defendant has presented other assignments of error and contentions. We have reviewed them carefully and find them each to be without merit.

The defendant had a fair trial free from prejudicial error, and we find

No error.

Judges MORRIS and CLARK concur.