STATE OF NORTH CAROLINA v. NEALY J. LESLIE

No. 7920SC211

(Filed 19 June 1979)

**Homicide § 30.3— failure to instruct on involuntary manslaughter as related to defendant's evidence**

The trial court in a homicide case erroneously failed to instruct the jury on a possible verdict of involuntary manslaughter as it related to defendant's evidence where the court's instructions permitted the jury to return a verdict of involuntary manslaughter only if it found that the killing proximately resulted from defendant's commission of an unlawful act not amounting to a felony, but defendant presented evidence which, if believed, would have permitted the jury to find that the killing was caused by defendant's culpable negligence in the handling of a loaded shotgun.

APPEAL by defendant from *Mills, Judge*. Judgment entered 6 October 1978 in Superior Court, MOORE County. Heard in the Court of Appeals 24 May 1979.

*Attorney General Edmisten, by Assistant Attorney General George J. Oliver, for the State.*

*Van Camp, Gill and Crumpler, by James R. Van Camp, for defendant appellant.*

VAUGHN, Judge.

Defendant was indicted for the murder of his wife and convicted of voluntary manslaughter. There was ample evidence to have supported a verdict of a higher degree of homicide. We must, nevertheless, order a new trial because the jury was not properly instructed on a possible verdict of involuntary manslaughter as it related to defendant's evidence.

It is the duty of the judge to declare and explain the law arising on all of the evidence including that of the defendant even though it appears to be incredible. There was evidence which, if believed, would have permitted the jury to find that the killing was caused by defendant's culpable negligence in the handling of a loaded shotgun. Under the court's instructions, however, the jury could have returned a verdict of involuntary manslaughter only if it found that the killing proximately resulted from defendant's commission of an unlawful act not amounting to a felony.

> "Involuntary manslaughter is the unlawful killing of a human being unintentionally and without malice but proximately resulting from the commission of an unlawful act not amounting to a felony, *or some act done in an unlawful or culpably negligent manner* . . . ." *State v. Williams*, 231 N.C. 214, 215-16, 56 S.E. 2d 574 (1949). (Emphasis added.)

For the reason stated, defendant is entitled to a new trial.

New trial.

Judges CLARK and CARLTON concur.