STATE OF NORTH CAROLINA v. WILLIAM H. QUILLIAMS

No. 8127SC586

(Filed 5 January 1982)

1. **Burglary and Unlawful Breakings § 5.8; Larceny § 7.8— intent to commit lar-ceny—sufficiency of evidence**

   The evidence was sufficient to raise a reasonable inference that defendant broke and entered two premises with intent to commit larceny where it tend-ed to show: Defendant, a stranger to each of the owners, rang a doorbell and uninvitedly entered one set of premises when no one answered and then fled when discovered by one of the occupants. Thereafter, defendant threw a pro-pane tank through a glass door at other premises and entered without permis-sion when the owner was absent and then removed a screen on another door and fled when discovered by the owner's neighbor. Defendant continued to flee in his automobile when pursued by police.

2. **Criminal Law § 102.6— jury argument—objected portion not in record—cor-rect instructions on objected point**

   Where the record was not clear as to what a district attorney said in his challenged argument, the record did not contain defense counsel's argument—leaving open the possibility misstatements by the district attorney were provoked, and where the trial judge correctly instructed the jury on the law, any error in the district attorney's argument was found to be nonprejudi-cial.

APPEAL by defendant from *Freeman, Judge.* Judgment entered 27 January 1981 in Superior Court, GASTON County. Heard in the Court of Appeals on 16 November 1981.

Defendant was charged in two proper bills of indictment with breaking and entering the homes of Pleas G. Hill and Delores Wilson "with the intent to commit a felony therein, to wit: larceny."

Defendant was found guilty as charged, and from a judgment that defendant be imprisoned for not more than seven nor less than five years, he appealed.

*Attorney General Rufus L. Edmisten, by Associate Attorney Michael Rivers Morgan, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Marc D. Towler for defendant appellant.*

HEDRICK, Judge.

Defendant assigns error to the denial of his motion for judgment as of nonsuit.

The evidence presented by the State tends to show the following: On the morning of 12 October 1980, Delores Wilson was awakened by the ringing of her doorbell; she heard the door open, and upon looking into her hallway, she saw defendant standing at her bedroom door; she asked defendant what he was doing and he responded that he had rung the doorbell and was looking for Alice. Ms. Wilson responded that Alice did not live there, and began screaming. Defendant then ran out of the house and got into a white Toyota. Defendant did not have permission to be in Ms. Wilson's home, and no one by the name of Alice lived in the neighborhood. Also on the morning of 12 October 1980, defendant was seen by William H. McConnaughney at the carport of McConnaughney's next door neighbor, Pleas G. Hill. Mr. Hill was not at home that morning and McConnaughney had gone to inspect Hill's home after his wife saw a strange car in Hill's carport and heard glass breaking next door. When defendant saw McConnaughney, defendant left in a white Toyota. McConnaughney then further inspected Mr. Hill's residence and discovered that a screen to the carport entrance had been cut and pulled out and that a propane tank had been thrown through a glass door leading from the patio into the basement of the house. The night bolt on the door leading from the basement to the main part of the house was bent; a door leading to a workshop in the basement had been opened, and a panelled door had been kicked in. Defendant did not have permission to enter Mr. Hill's house. Later that morning, two law enforcement officers in an unmarked police car attempted to stop defendant, whom they spotted driving a white Toyota, by flashing their blue light. They had recognized his car as being one reported as involved in a breaking and entering. When the officers pulled alongside the defendant and called for him to pull over, defendant accelerated to a speed in excess of fifty five miles per hour. These officers followed defendant for six or seven miles, until a tire on the Toyota blew out, at which point defendant stopped his car and ran on foot. One of the officers chased the defendant a quarter of a mile and caught him.

[1] In his brief, defendant argues:

I. The trial court erred in denying defendant's motions to dismiss the charges because there was not sufficient evidence from which a rational trier of fact could find beyond a reasonable doubt that defendant intended to commit larceny when he entered the homes.

A motion for judgment of nonsuit is correctly denied if there is competent evidence to support the allegations contained in the bill of indictment; evidence tending to support these allegations must be considered in the light most favorable to the State, and the State is entitled to every reasonable inference to be drawn from such evidence. *State v. Summitt,* 301 N.C. 591, 273 S.E. 2d 425, *cert. denied,* 451 U.S. 970, 101 S.Ct. 2048, 68 L.Ed. 2d 349 (1981). To establish a prima facie case of felonious breaking and entering, the State must present evidence that the defendant is guilty of "breaking or entering of a building with intent to commit larceny therein. G.S. § 14-54(a)." *State v. Bronson,* 10 N.C. App. 638, 640, 179 S.E. 2d 823, 824 (1971). The requisite intent is seldom provable by direct evidence; it ordinarily must be proved by circumstances from which it may be inferred. *State v. Bell,* 285 N.C. 746, 208 S.E. 2d 506 (1974). In the absence of a showing of a lawful motive, an intent to commit larceny may be reasonably inferred from an unlawful entry. *State v. Hill,* 38 N.C. App. 75, 247 S.E. 2d 295 (1978). Evidence that the defendant, a stranger to each of the owners, rang a doorbell and uninvitedly entered one set of premises when no one answered and then fled when discovered by one of the occupants, and that defendant threw a propane tank through a glass door at other premises and entered through that door without permission when the owner was absent and then removed a screen on another door and fled when discovered by the owner's neighbor, and that defendant continued to flee in his automobile when pursued by police is sufficient to raise a reasonable inference that the defendant broke and entered the two premises with intent to commit larceny therein. *See State v. Hill, supra* and *State v. Avery,* 48 N.C. App. 675, 269 S.E. 2d 708 (1980). *See also State v. Sweezy,* 291 N.C. 366, 230 S.E. 2d 524 (1976); *State v. Hedrick,* 289 N.C. 232, 221 S.E. 2d 350 (1976); *State v. Accor,* 13 N.C. App. 10, 185 S.E. 2d 261 (1971), *aff'd,* 281 N.C. 287, 188 S.E. 2d 332 (1972). This assignment of error is without merit.

[2]  Defendant's next assignment of error is the court's "allowing the prosecutor, over defense counsel's objection, to materially misstate the law by telling the jury that if the defendant broke into a building, there was a presumption that he did so with the intention of committing a felony." Defendant contends that the prosecutor's argument was erroneous and prejudicial in that proof of a breaking and entering into a building can do no more than allow an inference, as opposed to a presumption, of a felonious intent. Defendant also contends that the prosecutor's argument was erroneous and prejudicial in that it suggested to the jury that a mere felonious intent, as opposed to the larcenous intent alleged in the indictment, was all the State had to prove.

"When the district attorney's argument to the jury is challenged as improper, the argument of defense counsel should be placed in the record on appeal to enable appellate courts to determine whether the challenged argument has been provoked." *State v. Smith,* 291 N.C. 505, 522, 231 S.E. 2d 663, 674 (1977). "[W]hen a portion of the argument of either counsel is omitted from the record on appeal, the arguments must be presumed proper." *State v. Bradsher,* 49 N.C. App. 507, 271 S.E. 2d 915, 920 (1980). Ordinarily, the exercise of the trial judge's discretion in controlling jury arguments will not be reviewed unless the impropriety of counsel's remarks is extreme and is clearly calculated to prejudice the defendant in the eyes of the jury. *State v. Taylor,* 289 N.C. 223, 221 S.E. 2d 359 (1976). Furthermore, an improper argument ordinarily may be corrected by instructions given during the court's charge to the jury. *State v. Rose,* 270 N.C. 406, 154 S.E. 2d 492 (1967).

In the present case, the record is not clear as to what the district attorney said in his jury argument since his argument is not reproduced in the record in full or in part. The only indication of the argument's content comes from a colloquoy among the judge, the defense counsel, and the district attorney, during which the judge stated the following:

THE COURT: Let the record show the Court will reconstruct the record to show that the District Attorney did argue to the jury that if the defendant broke into a building, and after entering into that building, that there was a presumption he did this with the intention of committing a

felony, and the defense attorney objected and the Court over-ruled that objection.

Nowhere does the record contain the defense counsel's jury argu-ment, and, hence, the possibility remains that the district at-torney's statements were provoked. Nevertheless, even assuming arguendo that the district attorney did make an unprovoked and erroneous statement as to the law with respect to intent, the trial judge correctly instructed the jury on the law in this regard. Under the circumstances, we find any error with respect to the defendant's challenge of the district attorney's argument to the jury to be nonprejudicial. *See State v. Corbin*, 48 N.C. App. 194, 268 S.E. 2d 260, *disc. rev. denied*, 301 N.C. 97, 273 S.E. 2d 301 (1980).

Defendant's final assignment of error is the admission into evidence of testimony that when defendant was arrested, a televi-sion, a radio cassette, and a camera were found in the back seat of defendant's car. Defendant argues that this testimony was not relevant, but that it "was highly prejudicial since it suggested to the jury that defendant may have committed other breaking and enterings in which he did take some items and thereby improper-ly bolstered the State's deficient evidence as to whether defend-ant intended to commit larceny at the Wilson and Hill homes."

An error in the admission of evidence in a criminal trial con-stitutes grounds for appellate relief only when such error is prej-udicial to the defendant. G.S. § 15A-1442(4)(c). In cases not involving constitutional rights, such prejudice exists when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises. G.S. § 15A-1443(a). The burden of showing such prejudice is upon the defendant. G.S. § 15A-1443(a).

In the present case, defendant himself stated, "There was simply not even a possible connection between this property [found in defendant's car] and the breaking and enterings for which defendant was on trial." We agree, and therefore think the following quotation from *State v. White*, 271 N.C. 391, 395, 156 S.E. 2d 721, 724 (1967) is dispositive: "Even if the evidence were incompetent as contended by defendant, it is, in our opinion, so speculative and uncertain as to have had no probative force on the minds of a jury and would not justify a new trial. . . ." Since

defendant has failed to show any prejudice incurred from the admission of the challenged testimony, this assignment of error is overruled.

We hold the defendant had a fair trial free of prejudicial error.

No error.

Chief Judge MORRIS and Judge MARTIN (Robert M.) concur.