STATE OF NORTH CAROLINA v. JERRY ALONZO YOUNG

No. 8118SC1296

(Filed 6 July 1982)

1. **Criminal Law § 66.16— pre-trial photographic identification—independent origin of in-court identification**

    The trial court's conclusion that a rape victim's in-court identification of defendant was of independent origin and not tainted by a pre-trial photographic identification was supported by findings that the victim had an opportunity to observe her assailant for several minutes under ample lighting and that she identified defendant at voir dire as that assailant.

2. **Criminal Law § 71— observation of "fresh" paint chips—shorthand statement of fact**

    A witness's testimony that paint chips he observed on a car bumper were "fresh" was competent as a shorthand statement of fact.

3. **Criminal Law §§ 50.1, 51— paint chips on fender—qualification of expert—implied ruling**

    The trial court by implication ruled that a vehicle body repairman was an expert on inferences to be drawn from fresh paint chips on fenders, and the repairman was properly permitted to state his opinion that he could tell that there had just been an accident because there were fresh paint chips on a dented automobile fender.

4. **Criminal Law § 50.2— admissibility of nonexpert opinion testimony**

    In a prosecution for rape and crime against nature which allegedly occurred after automobiles driven by defendant and by the victim collided, an officer was properly permitted to testify that the body side molding on defendant's automobile resembled body side molding found at the crime scene, although the jury had pieces of both before it as exhibits, where the officer also testified that defendant's car was missing a piece of body side molding, and the officer's opinion was based on observations of defendant's entire car to which the jury was not privy.

5. **Criminal Law § 80— statement in business record—hearsay**

    An insurance company document containing a statement by defendant that his car had been stolen on the day of the alleged crimes was not admissi-

ble under the business entry exception to the hearsay rule when it was offered
to prove that the car was so stolen.

**6. Criminal Law § 102.6— prosecutor's jury argument—absence of defense
counsel's argument in record**

The district attorney's jury argument that the absence of resistance by
the prosecutrix to an act of sexual intercourse was not exculpatory of defend-
ant since defendant might have murdered her had she resisted will not be held
improper where the argument of defense counsel was not placed in the record
on appeal so as to enable the appellate court to determine whether the
challenged argument was provoked. Furthermore, such argument was not so
clearly calculated to prejudice the defendant as to exceed the bounds of pro-
priety.

APPEAL by defendant from *Wood, Judge.* Judgments entered
2 July 1981 in Superior Court, GUILFORD County. Heard in the
Court of Appeals on 25 May 1982.

Defendant was charged in proper bills of indictment with sec-
ond degree rape and crime against nature. Defendant pleaded not
guilty, and was found guilty as charged in both cases. From
judgments imposing consecutive prison terms of no more and no
less than forty years for second degree rape and no more and no
less than ten years for crime against nature, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney
General Tiare B. Smiley, for the State.*

*Boyan and Nix, by Kathleen E. Nix, for defendant appellant.*

HEDRICK, Judge.

The first assignment of error argued in defendant's brief is
"the trial court's denial of defendant's Motion to Suppress the
out-of-court photographic identification of the defendant" by the
prosecuting witness. Defendant contends that the out-of-court
identification was the product of an impermissibly suggestive
photographic identification procedure. Since no evidence was
presented at trial that defendant was identified at this pre-trial
photographic identification session, then even if the procedure
was impermissibly suggestive, its only relevance for defendant's
appeal would be whether it tainted the prosecuting witness' in-
court identification of defendant. Such a taint is alleged in defend-
ant's next assignment of error, wherein defendant argues that
"the trial court committed prejudicial error in denying the motion

to suppress the in-court identification of defendant" by the prosecuting witness.

Even if the prosecuting witness participated in an illegal pretrial identification procedure, that witness' in-court identification of the defendant "is nevertheless admissible if the trial judge determines from the evidence presented that the in-court identification is of independent origin, based on the witness' observations at the time and scene of the crime, and thus not tainted by the pretrial identification procedure." *State v. Thompson*, 303 N.C. 169, 172, 277 S.E. 2d 431, 434 (1981).

> [W]hen the admissibility of in-court identification testimony is challenged on the ground it is tainted by an out-of-court identification made under constitutionally impermissible circumstances, the trial judge must make findings as to the background facts to determine whether the proffered testimony meets the tests of admissibility; and when the facts so found are supported by competent evidence, they are conclusive on the appellate courts.

*State v. Allen*, 301 N.C. 489, 496-97, 272 S.E. 2d 116, 121 (1980).

[1] The trial court in the present case, at the conclusion of a *voir dire* hearing, made unchallenged findings of fact which were amply supported by evidence. These conclusive findings were that immediately prior to the perpetration of the second degree rape of and crime against nature against the prosecuting witness, she had an opportunity to observe the perpetrator for several minutes under ample lighting, and that she identified defendant at *voir dire* as that perpetrator. The court then concluded that her in-court identification of defendant was independent of and in no way tainted by a previous out-of-court identification procedure. These conclusive findings of fact support the court's conclusions of law, which in turn support the court's denial of the motion to suppress the in-court identification. Furthermore, there is nothing in the record to indicate that the trial judge, as finder of fact at *voir dire*, applied anything less than a "clear and convincing evidence" test in determining whether the in-court identification was of independent origin, and his factual determination that such evidence was of clear and convincing weight is not subject to review on appeal. This assignment of error is overruled.

Defendant next assigns error to the admission of the "testimony of Gary Wade Brower as to his opinion that he could tell there had just been an accident and that paint chips he found [on the bumper of the prosecutrix's car] were fresh." Defendant contends that this testimony was inadmissible opinion evidence.

[2]  With respect to Brower's testimony that the paint chips were "fresh," the following law regarding "shorthand statements of the fact" is controlling: such a shorthand statement, though it represents an inference drawn from constituent basic facts, is admissible in certain situations in which it would be impracticable to describe the basic facts in detail, *e.g.* because of the limitations of customary speech, or the relative unimportance of the subject testified about, or the difficulty in analyzing the thought processes by which the witness reaches his conclusion, or because the inference drawn is such a natural and well understood one that it would be a waste of time for him to elaborate the facts. *State v. Bush*, 289 N.C. 159, 221 S.E. 2d 333, *death sentence vacated*, 429 U.S. 809, 97 S.Ct. 46, 50 L.Ed. 2d 69 (1976). The law does not demand a witness to further analyze his conclusion about the freshness of paint chips on an automobile bumper, and his testimony that they were "fresh" is an admissible shorthand statement of the facts.

[3]  With respect to Brower's testimony about the occurrence of an "accident," the full content of such testimony should first be noted; he testified, "that there had just been an [automobile] accident . . . because . . . [t]here was [sic] paint chips, fresh paint chips . . . [o]n the dent on the front fender" of the prosecutrix's automobile. This testimony involves the drawing of an inference by Brower of the occurrence of an accident from the existence of fresh paint chips on a dented automobile fender. Brower, if he were a mere layman, would be no more qualified than the jury to draw such an inference from the circumstances presented; prior to making such an inference, however, Brower testified, "I'm a body man for Hilliard Motor Company—I fix cars, body repair." Given his vocation as a body repair man, the trial court could have found that Brower would be better qualified than the jury to draw inferences from the facts of the fresh paint chips on the dent of the automobile's fender. "[W]here the witness is better qualified than the jury to draw appropriate inferences from the facts," the opinion of that witness is admissible as expert

testimony. *State v. Griffin*, 288 N.C. 437, 442, 219 S.E. 2d 48, 52-53 (1975), *death sentence vacated*, 428 U.S. 904, 49 L.Ed. 2d 1210, 96 S.Ct. 3210 (1976). The determination that a witness possesses the requisite skill to testify as an expert is chiefly a question of fact ordinarily within the exclusive province of the trial judge, and " 'will not be reversed on appeal unless there is no evidence to support it.' " *State v. King*, 287 N.C. 645, 658, 215 S.E. 2d 540, 548-49 (1975), *death sentence vacated*, 428 U.S. 903, 49 L.Ed. 2d 1209, 96 S.Ct. 3208 (1976). It will be assumed that the trial judge in the present case made an implicit finding that Brower was an expert on inferences to be drawn from fresh paint chips on fenders, *see Lawrence v. Reliance Insurance Co.*, 32 N.C. App. 414, 232 S.E. 2d 462 (1977), and such a finding is here sufficiently supported by evidence to avoid reversal on appeal. This assignment of error is overruled.

[4] Defendant also assigns error to the court's admission of testimony by Detective Grady Bryant that the body side molding on defendant's automobile resembled body side molding found at the scene of the alleged crimes. Defendant contends that Bryant was in no better position than the jury to draw inferences about any similarity between the side molding on defendant's car and the side molding found at the scene of the alleged crime, since the jury had pieces of each before it as exhibits and could make its own determination. We disagree. The record indicates that the inference to which Bryant testified was based on observations to which the jury was not privy, to wit, an observation of the body side molding found at the scene of the alleged crime, and an observation of *defendant's entire car*, which he testified was missing a piece of body side molding. The jury, on the other hand, had before it only two pieces of molding, and was not able to observe either of their relationships to an automobile, or to the gap in molding on defendant's automobile. The inference to which Bryant testified was therefore not one which the jury could also draw, since Bryant's inference was based on data which was different from and more complete than what was before the jury. Furthermore, at the time of Bryant's testimony, the exhibit of the body side molding from defendant's car had not even been introduced into evidence, and, hence, the jury was in no position to compare the likenesses of the two moldings to one another, whereas Bryant was. This assignment of error has no merit.

[5]   Defendant next assigns as error the court's exclusion of an insurance company document containing a statement by defendant to the effect that his car had been stolen on the day of the alleged crimes. Defendant argues that the excluded evidence were records made in the ordinary course of business and were therefore admissible.

The admissibility of entries made in the regular course of business derives from circumstances which furnish a guaranty of the trustworthiness of such entries, notwithstanding the fact that the person making the entry is unavailable for cross-examination; the guaranty of trustworthiness derives from the desire of the person making the entry to provide accurate information to the business for which the records are intended. Hence, a business entry that defendant's car was stolen on the night of the alleged crime would be admissible to show that the car was so stolen; a business entry, however, that defendant *said* his car was stolen on the night of the alleged crime would contain a guaranty of trustworthiness of only the fact that that was what defendant said; that the person making the entry desires to record truthfully what defendant reports in no way means that what defendant reported was true. The business entry exception to the hearsay rule therefore does not mandate the admission of a business record that defendant said his car was stolen on the night of the alleged crime, when, as here, such record is offered to prove that the car was so stolen. Defendant's statement that his car was stolen, unlike the insurance company employee's record of his statement, is not necessarily imbued with an intent to provide reliable information to the insurance company. Rather, defendant's statement, contained in the proffered records, was an extrajudicial assertion offered to prove the truth of the matter asserted therein, and was therefore properly excluded as hearsay. This assignment of error is overruled.

[6]   By his next assignment of error, defendant argues that the prosecutor's closing argument to the jury was improperly inflammatory. When, however, the district attorney's argument to the jury is challenged as improper, the argument of defense counsel should be placed in the record on appeal to enable appellate courts to determine whether the challenged argument has been provoked; if a portion of the argument of either counsel is omitted from the record on appeal, the arguments must be presumed

---

proper. *State v. Quilliams*, 55 N.C. App. 349, 285 S.E. 2d 617 (1982). "Ordinarily the exercise of the trial judge's discretion in controlling jury arguments will not be reviewed unless the impropriety of counsel's remarks is extreme and clearly calculated to prejudice the defendant in the eyes of the jury." *State v. Quilliams, supra* at 352, 285 S.E. 2d at 620. In the present case, the record on appeal contains no portion of defendant's argument to the jury, and only a brief excerpt of the district attorney's in which he intimated that the absence of resistance by the prosecutrix to the act of sexual intercourse was not exculpatory of defendant, since had the prosecutrix resisted the defendant might have murdered her. Given only an isolated portion of the jury argument, we must presume that counsel's argument was proper since we cannot tell if it was provoked; further, the excerpt which has been presented to us in the record is not so clearly calculated to prejudice the defendant as to exceed the bounds of propriety. This assignment of error has no merit.

Defendant's last two assignments of error relate to the court's instructions to the jury. We have carefully considered the exceptions upon which these assignments of error are based and find that the court's instructions, when considered contextually as a whole, were not improper.

We hold defendant had a fair trial free of prejudicial error.

No error.

Judges ARNOLD and WELLS concur.